744 So.2d 352 (1999)
Randall RICHBOURG a/k/a Randall Wade Richbourg, Appellant,
v.
STATE of Mississippi, Appellee.
No. 96-KA-01074-COA.
Court of Appeals of Mississippi.
June 22, 1999.
*353 Thomas M. Brahan, Aberdeen, Attorney for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
BEFORE McMILLIN, P.J., COLEMAN, AND SOUTHWICK, JJ.
COLEMAN, J., for the Court:
¶ 1. The appellant, Randall Richbourg, was convicted of driving under the influence (DUI) first offense in the Justice Court of Monroe County, which conviction he appealed to the Circuit Court of Monroe County. Pursuant to a bench trial in that court, the trial judge found Richbourg guilty and sentenced him to pay a fine of $250 and court assessments of $127 to the Monroe County Justice Court Clerk. The circuit court also sentenced Richbourg to serve 48 hours in the Monroe County Jail but suspended the time to serve in jail and thus effectively reduced Richbourg's jail sentence to the time he had already served after his arrest. Richbourg filed a motion for new trial, which the circuit court denied. In his appeal from the circuit court's order finding that Richbourg was "guilty as charged of driving under the influence of intoxicating liquor in violation of Section 63-11-30(1)(a) [of the Mississippi Code]," Richbourg assigns the following four issues, which we quote verbatim from his brief:
ISSUE ONE
THE TRIAL JUDGE IMPROPERLY ALLOWED OFFICER CONN TO TESTIFY REGARDING THE HORIZONTAL GAZE NYSTAGMUS TEST AND ITS RESULTS WITHOUT PROVIDING THE FOUNDATION OF RELIABILITY OR INTERPRETATION REQUIRED BY M.R.E. 702.
ISSUE TWO
THE TRIAL JUDGE IMPROPERLY ALLOWED OFFICER CONN TO TESTIFY TO THE HEARSAY STATEMENT OF OFFICER BAILEY THAT APPELLANT HAD REFUSED THE INTOXILYZER TEST.
ISSUE THREE
THE TRIAL JUDGE APPLIED AN ERRONEOUS LEGAL STANDARD TO REACH HIS VERDICT.
ISSUE FOUR
THE TRIAL JUDGE'S VERDICT WAS NOT SUPPORTED BY SUBSTANTIAL CREDIBLE EVIDENCE.
Our analysis of Richbourg's first and fourth issues results in our reversing and rendering the circuit court's order of Richbourg's conviction of DUI first offense.

I. FACTS
¶ 2. Around 5:30 or 6:00 o'clock on the morning of February 25, 1995 Randall Richbourg began driving a 1995 Geo Prizm automobile, which he had rented, from a Howard Johnson's motel in Kansas City, Missouri, toward his home in Panama City, Florida. Richbourg spent the previous night partying to celebrate his having successfully completed twenty-one days of apprenticeship *354 training as a boiler maker at the National Apprenticeship School in Kansas City. He had placed some unopened cans of beer which remained from the previous night's celebration in the trunk of the Geo. He stopped for lunch about 11:30 that morning in St. Louis. There he drank one beer. When Richbourg reached Memphis, he unintentionally turned south on Interstate 55. After he realized his error, Richbourg, who was reading an old Mississippi highway map, turned east and was traveling on Mississippi State Highway No. 8 in Monroe County.
¶ 3. The Prizm which Richbourg was driving collided with another vehicle in the intersection of Highway 8 with U.S. Highway 45 Alternate. Trooper Larry Conn, then a twenty-three day veteran with the Mississippi Highway Patrol, was dispatched to the intersection of Highways 8 and 45 Alternate at 4:14 p.m. When Trooper Conn arrived on the scene, he observed some cans of beer in the Geo which Richbourg had been driving, and he smelled alcohol "about the person" of Richbourg. The impact of the two vehicles apparently caused a forty-five pound dumbbell which Richbourg kept in the trunk to rupture several cans of the beer. The trunk contained no cooler in which the beer cans could have been placed.
¶ 4. Based on these perceptions, Trooper Conn conducted a horizontal gauge nystagmus (HGN) test on Richbourg, the result of which was "a total of six clues, ... the most [that could be gotten] on that test." Based on the result of the HGN test, Trooper Conn asked Richbourg to blow into his portable "AlcoSensor," but Richbourg refused to do so. Trooper Conn then asked Trooper Bailey, who had also arrived by that time, "to transport Mr. Richbourg to [the] Monroe County Jail while [Trooper Conn] finished up the accident." After Richbourg arrived at the jail in Trooper Bailey's custody, Richbourg again refused to submit to an intoxilyzer test at the jail. Richbourg's refusal to submit to the intoxilyzer test resulted in his being charged with DUI in violation of Section 63-11-30(1)(a), which provides: "It is unlawful for any person to drive or otherwise operate a vehicle within this State who (a) is under the influence of intoxicating liquor...." Miss.Code Ann. § 63-11-30(1)(a) (Rev.1996).

II. ANALYSIS AND RESOLUTION OF THE ISSUES

A. Appellant's first issue
¶ 5. Richbourg's first issue is that the trial judge improperly allowed Trooper Conn to testify about his administering the HGN test to Richbourg and the results of that test. While this case was tried on July 29, 1996 before the Mississippi Supreme Court released its opinion in Young v. City of Brookhaven, 693 So.2d 1355 (Miss.1997), that case determines our resolution of this issue. While the supreme court affirmed Young's conviction of the operation of a vehicle while intoxicated in violation of Section 63-11-30(1)(c), that court held that the HGN test could not "be used as scientific evidence to prove intoxication or as a mere showing of impairment." Young, 693 So.2d at 1360-61. "[T]he only allowable use for the test results" is "to prove probable cause to arrest and administer the intoxilizer or blood test." Id. at 1361. The supreme court's reason for so holding was that it found that "the HGN test is not generally accepted within the scientific community...." Id. at 1360. The court concluded:
We deliver a stern warning concerning using the HGN test for reasons other than to establish probable cause. The State cannot use the results of the HGN test merely as an indicator to show that the defendant was "under the influence of intoxicating liquor" to prove the requisite elements of Miss.Code Ann. § 63-11-30(1)(a). Furthermore, the State cannot attempt to introduce *355 the HGN test as scientific evidence to show degree of intoxication.
Young, 693 So.2d at 1361.
¶ 6. The general rule is that decisions of the Mississippi Supreme Court are presumed to have retroactive effect. Morgan v. State, 703 So.2d 832, 839 (Miss. 1997). Only where "`retroactive enforcement would cause serious disruption of the administration of justice and where the prior rule was not infected by a serious absence of fundamental fairness'" will decisions of our supreme court not be retroactively applied. Id. (quoting Cain v. McKinnon, 552 So.2d 91, 92 n. 1 (Miss. 1989)). Accordingly, this Court resolves Richbourg's first issue favorably to him and reverses the circuit court's overruling Richbourg's objection to Trooper Conn's testimony about his administering the HGN test to him.[1]

B. Richbourg's fourth issue
¶ 7. The appellant's fourth issue is that "[t]he trial judge's verdict was not supported by substantial credible evidence." We forego review of Richbourg and the State's arguments on this issue because the very nature of this issue requires that we conduct an independent review of the entire record. See Yates v. State, 685 So.2d 715, 718 (Miss.1996) (explaining that "[i]n these types of sufficiency questions, the [s]upreme [c]ourt conducts an independent review of the entire record") (citation omitted). However, this Court understands that the following standard of review must be honored in our "independent review of the entire record":
In considering a motion for directed verdict, the reviewing court must consider evidence introduced in light most favorable to State, accepting all evidence introduced by the State as true, together with all reasonable inferences therefrom; if there is sufficient evidence to support a guilty verdict, motion for directed verdict must be overruled. If the evidence presents an issue for determination by the jury, then the case must be submitted to the jury and will not be disturbed, if evidence and those inferences support the guilty verdict. In fact, evidence favorable to the defendant is disregarded during the consideration of whether to grant a motion for a directed verdict. The standard of review in determining the correctness of a trial judge's ruling on a motion for directed verdict is essentially the same.
Yates v. State, 685 So.2d 715, 718 (Miss. 1996).
¶ 8. Our review and analysis of the evidence contained in the "entire record" of this case is governed by two ground rules. The first rule is that this Court disregards evidence favorable to the defendant. While we assume that Richbourg's testimony is entirely favorable to him, we will nevertheless analyze it to determine if any portion of his testimony is favorable to the State. The first rule requires that we scrutinize the testimony of Trooper Conn for all evidence favorable to Richbourg's guilt of driving under the influence. Young establishes the second ground rule, which is that we cannot consider Trooper Conn's testimony about his administering the HGN test to Richbourg or his interpretation of the results of that test, since Richbourg elected not to take the intoxilizer test.
¶ 9. During his direct examination by the State, Trooper Conn testified that "there *356 were some Budweiser cans there [in the trunk of Richbourg's leased Geo]." Trooper Conn further testified that there was "the odor of intoxicating beverage about [Richbourg's] person." The trooper explained that other than the HGN test, "the only other test [he] would have had Mr. Richbourg to perform would be the one leg stand and the walk and turn." Trooper Conn explained that he did not ask Richbourg to perform either of these tests "[d]ue to the dangerous intersection at the time." Instead the trooper "just asked Mr. Bailey [another trooper] if he would... transport Mr. Richbourg to [the] Monroe County jail while [he, Trooper Conn] finished up the accident."
¶ 10. The following portion of the record of Trooper Conn's direct examination is important to our task:
Q. Based on your experience, albeit rather short at that time, and your training, were you able to form an opinion as to Mr. Richbourg's intoxication?
RICHBOURG'S COUNSEL: Objection, Your Honor. He's not been qualified as an expert. And, Your Honor, I object to that type opinion testimony as not being useful to the trier of fact. It superimposes this witness, this witness' opinion.
THE COURT: Sustained. Let's move on.
Q. You didn't actually see Mr. Richbourg driving the vehicle?
A. No, I did not.
¶ 11. Also beneficial to our analysis of the evidence which the State adduced to establish that Richbourg was driving under the influence are the following portions of Richbourg's counsel's cross-examination of Trooper Conn:
Q. Now, the smell of alcohol in and of itself does not give an indication of how much someone has had to drink, does it?
A. No.
Q. What other signs have you testified to today?
A. What other signs?
Q. Uh-huh. (Indicating yes.)
A. Other than the smell was the field sobriety test I gave Mr. Richbourg.
Q. So you have not testified to this Court that you observed this man and I assume the reason you haven't testified is that you didn't observe himis that you have not testified this man was stumbling and staggering around at the scene of the accident? Because he wasn't, was he?
A. Under the influence and intoxicated are two different things.
Q. But he was not stumbling and staggering around, was he?
A. No.
Q. And you have not testified that his speech was slurred because it wasn't, correct?
A. No, it was not.
Q. And you have not testified that he was argumentative because he was not; is that correct?
A. No. He wasn't argumentative, no, sir.
¶ 12. Our recitation of the facts included Richbourg's direct examination; thus, we need not repeat it here other than to remember that Richbourg had drunk some beer the night before in Kansas City when he celebrated completing his three weeks of apprenticeship training; that he drank one beer when he stopped for lunch in St. Louis; and that he had placed some leftover cans of beer in the trunk of his rented Geo when he left Kansas City around 5:30 or 6:00 o'clock that morning. Moreover, some of the cans of Budweiser which Trooper Conn found in the trunk had ruptured.
¶ 13. Nevertheless, this record contains no evidence that Richbourg was under the influence of alcoholic beverages when the Geo which Richbourg was driving collided with a Ford Explorer in the intersection of *357 Highways 8 and 45 Alternate. The record contains nothing relevant to the manner in which the collision occurred; neither does the record hint about whose fault the collision was. Apparently one occupant of the Ford Explorer was injured, but the record does not indicate the extent of those injuries. The circuit judge denied Trooper Conn the opportunity to express his opinion about whether Richbourg was intoxicated. Under cross-examination, Trooper Conn acknowledged that the smell of alcohol alone gave no indication of how much the person who exuded the odor had consumed. Richbourg told Trooper Conn at the accident scene that he was the driver of the Geo, but the record contains no evidence of the manner in which Richbourg had been driving the Geo before the collision between it and the Ford Explorer.
¶ 14. Our resolution of Richbourg's first issue based upon Young does not permit this Court to consider Trooper Conn's testimony about his perceived results of the HGN test which he administered to Richbourg "as scientific evidence to prove intoxication or as a mere showing of impairment." See Young, 693 So.2d at 1360-61. The odor of alcohol which Trooper Conn detected "about [Richbourg's] person," by his own admission under cross-examination, alone did not "give an indication of how much someone [like Richbourg] ha[d] had to drink." Thus, this Court resolves Richbourg's fourth issue favorably to him and holds that the trial court erred when it denied Richbourg's motion for directed verdict which his counsel made after the State rested following Trooper Conn's testimony because the State's evidence was not sufficient when our standard of review is applied to it to establish a prima facie case of Richbourg's guilt of driving under the influence.
¶ 15. This Court's resolution of Richbourg's first and fourth issues eliminates the need to review Richbourg's second and third issues. Because the State's evidence was insufficient to establish his guilt, this Court both reverses and renders the trial court's judgment of the conviction of Richbourg of driving under the influencefirst offense. See Burks v. U.S., 437 U.S. 1, 11, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) (holding that "[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding").
¶ 16. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT OF APPELLANT'S CONVICTION OF DRIVING UNDER THE INFLUENCE FIRST OFFENSEIS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., DIAZ, IRVING, AND THOMAS, JJ., CONCUR.
LEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BRIDGES, AND PAYNE, JJ.
LEE, J., dissenting:
¶ 17. I have reviewed the record and the law applicable in this case and though I believe that the majority has made an accurate statement of the law, I find that it is not applicable under these circumstances. The admission of the results of the horizontal gaze test, otherwise know as the HGN test, was not relevant to these circumstances in light of the circuit court judge applying the HGN test a basis for finding there was probable cause for Officer Conn to request the chemical breath test. The record reveals the following statement made by the trial judge at the conclusion of the trial:
The issue before the Court today is whether Mr. Richbourg refused the test. The testimony is that on February 25, 1995, that there was an automobile accident at the intersection of Highway 8 and 45 alternate, that Mr. Richbourg was involved in this automobile accident, and that Officer Conn with the Mississippi *358 Highway Patrol Department was dispatched to this area.
Upon arriving there, he observed two automobiles involved in an accident, that one of these cars, a passengerdriver was Mr. Richbourg, that Officer Conn questioned Mr. Richbourg. Upon that, that he smelled alcohol, and based upon that he requested several tests. One of the tests was the field sobriety test that he referred to. In addition to that, he asked Mr. Richbourg to take a sobriety test on the intoxilyzer. I think under [Miss.Code Ann.] § 63-11-5 that an officer, law enforcement officer, has the opportunity when he smells the alcohol and observes these other thingsthe purpose of asking for those tests is to make a determination as to whether sufficient probable cause exists to warrant him or justify him in taking a person suspected or driving under the influence down to the station where he can run a test to actually ascertain whether he was in fact under the influence; that Mr. Richbourg refused to take this test, that as a result of that he is charged with refusal.
I think based upon the facts that are before this Court that the officer was well within his right to request that. He smelled alcohol on him, that there were beer cans in there. Even though the testimony from Mr. Richbourg was to the effect that there was a forty-five pound weight in his trunk and that it had burst beer cans that was in the truck. Even assuming for the sake of argument that this in fact had happened, there still existed sufficient probable cause to suspect that this defendant was driving under the influence. And because he refused to take the test, the officer, in this Court's opinion, was absolutely correct in charging him with refusal when he refused to take the test. He requested it. It was a legal request. It was not an invasive request. Because I am of that opinion, the Court is of the opinion that the defendant was guilty of DUI refusal....
The aforementioned excerpt from the record clearly establishes that the trial judge did not apply the HGN test to substantiate a level of intoxication, but instead used it in the guise of probable cause which warranted administering an intoxilyzer test. As mentioned in the majority opinion, in Young v. City of Brookhaven, 693 So.2d 1355, 1360-61 (Miss.1997), the Mississippi Supreme Court stated that the "HGN in not generally accepted with the scientific community and cannot be used as scientific evidence to prove intoxication or as a mere showing of impairment. However, the HGN test can still be used to prove probable cause to arrest and administer the intoxilyzer or blood test." Therefore, with these factors in mind I find that the trial court was not in error when it held Richbourg was guilty of "DUI refusal."
¶ 18. It must be kept in mind that the right to a driver's license is not a constitutional right. It is a privilege conditioned on obeying the rules and regulations of the State motor vehicle and traffic laws. As stated in Miss.Code Ann. § 63-11-5 (Rev. 1996), "Any person, [be it resident or nonresident], who operates a motor vehicle upon the public highways, public roads and streets of this state shall be deemed to have given his consent, ..., to a chemical test or tests of his breath for the purpose of alcohol concentration." If an individual is stopped and there is probable cause, one must submit to the rules of the state and may be subjected to a request to take an intoxilyzer test. Under Mississippi law when an individual refuses the chemical breath test, the penalties incurred by that individual are equivalent to having taken the test and registered with an alcohol level which technically qualifies as driving under the influence. Under Miss.Code Ann. § 63-11-21 (Rev.1996) it states: "If a person refuses to submit to a chemical test under the provisions of this chapter, the person shall be informed by the law enforcement officer that the refusal to submit to the test shall subject him to arrest and punishment consistent with the penalties prescribed by Section 63-11-30 for *359 persons submitting to the test...." Since the record is devoid of any evidence that would establish that Richbourg was not informed of the penalties for refusal, it is accepted that such was properly administered.
¶ 19. In the case at bar, the record contained evidence which established probable cause for the officer's desire, indeed his duty, to request the breath test. As enumerated by the trial judge, the record disclosed that Richbourg was involved in a motor vehicle accident, the officer smelled the odor of alcohol on Richbourg, that there were beer cans in the trunk, and the results of the HGN test all established prerequisite probable cause for the necessity of the officer requesting a chemical breath test. Additionally, the testimony elicited from Officer Conn established that when he had offered Richbourg the on-site Alcosensor, intoxilyzer test, Richbourg refused to take the test. Therefore, there was sufficient evidence to find Richbourg guilty of DUI refusal. It is for the aforementioned reasons that I respectfully dissent.
BRIDGES AND PAYNE, JJ., JOIN THIS SEPARATE WRITTEN OPINION.
NOTES
[1] The record contains the following objection to Trooper Conn's testimony about the HGN test which Richbourg's counsel made:

I'm going to object to the results of this test. I had assumed that part of the testimony would have been testimony that would satisfy the Court that in fact this is a reliable scientific exercise under the more recent cases. We would object to the results of any sort of scientific testing, which I think this is, unless it's demonstrated to the Court its degree of reliability.
His objection comports with the basis for the Mississippi Supreme Court's disallowing the use of the HGN test "to prove intoxication or as a mere showing of impairment." See Young, 693 So.2d at 1360-61.