881 So.2d 926 (2004)
Daniel Clyde KNIGHT, Jr. a/k/a Daniel C. Knight, Jr. a/k/a Danny Knight, Appellant
v.
CITY OF ABERDEEN, Appellee.
No. 2003-KM-01603-COA.
Court of Appeals of Mississippi.
September 7, 2004.
Mose Lee Sudduth, Columbus, attorney for appellant.
*927 Robert H. Faulks, attorney for appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. The Municipal Court of the City of Aberdeen found Danny Knight guilty of driving under the influence, first offense. Knight appealed the conviction to the Circuit Court of Monroe County where he was also found guilty in a non-jury trial. The circuit judge sentenced Knight to two days' incarceration in the Monroe County jail, with such sentence suspended, upon condition that Knight not violate any laws or statutes of the State of Mississippi. The circuit judge also sentenced Knight to 180 days of unsupervised probation and fined him $1,000, plus costs and assessments. Additionally, Knight was ordered to attend and complete an alcohol safety education program.
¶ 2. Feeling aggrieved by this conviction and sentence, Knight filed this appeal wherein he challenges the sufficiency of the evidence undergirding his conviction.
¶ 3. We find the evidence sufficient to support Knight's conviction. Consequently, we affirm his conviction as well as his sentence.

FACTS
¶ 4. On the evening of July 5, 2001, James Huffman, was traveling north on Highway 45 toward Aberdeen. While in route, he encountered a red Chevy pickup truck, also traveling north. As he followed behind the truck, Huffman noticed that the truck was weaving periodically across the centerline of the highway. Huffman attempted to pass the truck, but the truck continued to veer closely to the centerline of the highway. Consequently, Huffman abandoned his efforts to overtake the truck. Huffman then called 911 and reported the truck and its tag number.
¶ 5. Soon after Huffman's call to 911, the Aberdeen Police Department's dispatcher was notified that a caller had reported that a red pickup truck, which was coming into Aberdeen from Highway 45, needed to be checked out because it was swerving on the highway. Officer Robert Russell, a patrolman for the Aberdeen Police Department, departed the station to look for the red pickup truck with the specific tag number that the dispatcher had provided.
¶ 6. Officer Russell first observed, on Highway 45 South in the area of Chestnut Street, a pickup truck matching the description given by the dispatcher. Officer Russell followed the pickup truck and observed the truck make a wide right turn onto Meridian Street. The pickup then ran off the right side of the road, moved back onto the road and across the centerline of the street.
¶ 7. After seeing the truck make these series of maneuvers, Officer Russell activated his blue lights and proceeded to stop the vehicle on Chestnut Street just off South Meridian Street. After the truck came to a stop, Officer Russell went to the window on the driver's side. He immediately smelled a strong odor of alcohol emanating from that window. When Officer Russell asked the driver for the driver's license and proof of insurance, the driver of the vehicle just looked at Officer Russell, although he later gave his license to Officer Russell. The driver was identified as Danny Knight. He did not have any proof of insurance with him at the time of the stop.
¶ 8. When Officer Russell inquired whether Knight had had anything to drink, Knight responded that he had drunk a six pack of beer since leaving work at 5:00 p.m. and had drunk his last beer about twenty minutes prior to his being stopped by the officer. Officer Russell asked *928 Knight to exit the truck. As Knight complied, Officer Russell smelled a strong aroma of alcohol gushing from Knight's truck. Also, as Knight exited the truck, he stumbled slightly and grabbed the bed of the truck to stabilize himself. Officer Russell administered a portable Intoxilyzer test to Knight. The test was positive for alcohol consumption. Knight was arrested and transported to the Aberdeen Police Department. While at the station, Knight refused on two occasions to give a breath sample for analysis by an Intoxilyzer machine.
¶ 9. Knight was charged with driving under the influence, first offense and, as previously noted, was first convicted of the charge in the Municipal Court of Aberdeen. He was also convicted in a de nova bench trial by the Circuit Court of Monroe County, leading to this appeal.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 10. Knight argues that the Circuit Court of Monroe County should have dismissed the DUI charge against him because the City of Aberdeen failed to prove the charge beyond a reasonable doubt.
¶ 11. In challenges to the sufficiency of evidence, the standard of review requires that the evidence be considered in the light most favorable to the City and that all credible evidence consistent with Knight's guilt be accepted as true. McRee v. State, 732 So.2d 246, 249(¶ 9) (Miss.1999). In reviewing a claim of insufficient evidence, an appellate court must review all of the evidence in the light most consistent with the lower court's ruling. See Smith v. State, 802 So.2d 82, 85(¶ 10) (Miss.2001). The prosecution is given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Id."If the facts and inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, reversal and discharge are required." Mangum v. State, 762 So.2d 337, 341(¶ 11) (Miss.2000).
¶ 12. Knight cites Richbourg v. State, 744 So.2d 352 (Miss.Ct.App.1999), for his argument that the evidence was insufficient to support the conviction. However, the case is clearly distinguishable.
¶ 13. In Richbourg, the defendant was making a trip from Kansas City, Missouri to Panama City, Florida and had an accident, in Monroe County, Mississippi, with another vehicle. Id. at 353-54(¶ 2). Several hours before the accident, the defendant had stopped in St. Louis for lunch and had one beer. Id. at 354(¶ 3). A highway patrol officer arrived at the scene of the accident and observed some ruptured cans of beer in the trunk of the defendant's vehicle and smelled alcohol on the person of the defendant.[1]Id. Based on these perceptions, the patrol officer conducted a horizontal gauge nystagmus (HGN) test on the defendant, and thereafter, based on the results of the HGN test, asked the defendant to blow into the officer's portable alcosensor. Id. at (¶ 4). The defendant refused to comply. As a result of his refusal to comply, the defendant was transported to the county jail. Id. At the jail, the defendant refused to submit to an Intoxilyzer test. As a result, he was charged with driving under the influence and was convicted in two inferior courts. Id.
¶ 14. On appeal, we reversed and rendered the lower courts' decisions. Id. at 357(¶ 16). We pointed out that the arresting officer admitted that he did not witness *929 the defendant driving the vehicle, that the smell of alcohol in and of itself did not indicate how much alcohol the defendant had consumed, that the officer did not administer any tests to the defendant, other than the HGN test, to determine intoxication, and that the officer did not observe the defendant stumble or stagger around. We also noted that the officer did not observe any slurring of speech by the defendant and that the defendant was not argumentative with the officer. Id. at 356(¶ 10).
¶ 15. Unlike Richbourg, there was strong evidence in this case that Knight was driving under the influence of alcohol. We see no need to recount the facts here. It is sufficient to say that, based on the facts as recited earlier in this opinion, the circuit judge was justified in finding Knight guilty as charged. Therefore, we find no merit in Knight's contention that the evidence was insufficient to support his conviction of driving under the influence, first offense.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE OF TWO DAYS' INCARCERATION IN THE MONROE COUNTY JAIL, WITH SENTENCE SUSPENDED, PAYMENT OF $1,000 FINE AND 180 DAYS OF UNSUPERVISED PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.
NOTES
[1] The impact of the two vehicles apparently caused a forty-five pound dumbbell, which the defendant kept in the trunk, to rupture the cans of beer.