CARLTON, J„
for the Court.
¶ 1. Anthony Ryan Loveless was convicted by a Prentiss County Circuit Court judge for the crimes of driving under the influence of intoxicating liquor, possession of beer in a dry county, and speeding. On appeal, he challenges the jurisdiction of the circuit court and the sufficiency of the evidence. Finding no error, we affirm.
FACTS
¶2. On April 25, 2006, just after 9:00 p.m., Booneville Police Officer Joshua Davis conducted a traffic stop. Officer Davis testified that he conducted the traffic stop because Loveless was driving fifty-two miles per hour in a thirty-five miles per hour speed zone. Officer Davis noticed that Loveless exhibited signs of intoxication. After Officer Davis radioed in the tag number of the vehicle he had stopped, he was notified that a vehicle had recently run over a sign and pushed it into another vehicle while exiting a local restaurant. When Officer Davis received the information, the dispatcher told him to disregard the call because the tag number of the stopped vehicle matched that of the vehicle that had caused the damage at the restaurant.
¶3. Officer Greg Mitchell, who at the time had nine years of law enforcement experience, arrived at the scene to assist with the traffic stop. Officer Davis had been certified as a law enforcement officer approximately six weeks prior to the traffic stop. Officer Davis had never been involved in a DUI arrest prior to the incident with Loveless. Officer Davis had been trained in administering field sobriety tests but had never previously administered the tests to a suspected offender.
¶ 4. Officer Davis conducted a horizontal gaze nystagmus (HGN) test on Loveless, and the walk and turn field sobriety test. Officer Davis testified that the wind was blowing “pretty decent” during the traffic stop. During the tests Loveless informed the officer that Loveless had previously suffered from head trauma and also had an injured hip. Both of these alleged physical conditions were factors that could negatively impact an individual’s performance during a field sobriety test.
¶5. Loveless exhibited signs of intoxication from the HGN test and stumbled more than once during the walk and turn test. The two officers then transported Loveless to the Booneville justice center for the purpose of conducting a breath analysis on the Intoxilyzer 5000. The machine at the police station was out of service. Officers Davis and Mitchell took “approximately an hour or more” trying to get the Intoxilyzer 5000 machine to function at the station. There was a functioning machine fifteen minutes away from their location but it was not utilized to test Loveless. No breath analysis was ever obtained from Loveless. The officers did not perform any additional sobriety test, nor was Loveless afforded the opportunity to take a blood or urine alcohol test. Offi *232 cer Davis decided to charge Loveless with simple driving under the influence instead of getting an analysis of alcohol content and charging Loveless with a more serious offense.
¶ 6. Loveless was charged with committing three offenses. He was issued a citation for speeding, a second citation for operating a motor vehicle under the influence of intoxicating liquor in violation of Mississippi Code Annotated § 63 — 11— 30(l)(a) (Rev.2004), and also for possession of beer in a dry county in violation of Mississippi Code Annotated § 67-3-13 (Rev.2005).
¶ 7. On June 9, 2005, Loveless was convicted by the Booneville Municipal Court for the crimes of driving under the influence of intoxicating liquor first offense, possession of beer in a dry county, and speeding. He appealed the convictions for a de novo trial in the Prentiss County Circuit Court. Loveless was convicted by the circuit court for the crime of driving under the influence of intoxicating liquor first offense, possession of beer in a dry county, and speeding. The circuit court sentenced Loveless to forty-eight hours imprisonment, but suspended that sentence pending this appeal. Loveless was fined $1,000 for driving under the influence, $500 for possession of beer, and $100 for speeding. On appeal, he challenges the jurisdiction of the circuit court and the sufficiency of evidence for his conviction of driving under the influence. His appeal has been assigned to this Court.
DISCUSSION

1. Jurisdiction

¶ 8. The uniform traffic ticket Loveless received for driving under the influence stated that the municipal court was located at 203 N. Main Street, Boone-ville, MS 38829. Over five years prior to the issuance of this citation, the municipal court had changed locations to 1901 East Chambers Drive in Booneville. This correct address was printed on the ticket Loveless received for speeding. Loveless raised this point in the circuit court. The circuit court granted the City’s motion to amend the address on the ticket. The circuit court ruled that Loveless received adequate notice as to the date, time and place of his court appearance. The circuit court also held that there was no prejudice to Loveless as he never claimed that he failed to appear or otherwise received inadequate notice of his court appearance.
¶ 9. Loveless argues that both the Booneville Municipal Court and the Circuit Court of Prentiss County were without jurisdiction. He argues that the City’s attempt to amend the ticket was insufficient to cure the defect because nothing in the record transmitted from the municipal court reflected any amendment. He cites the following case law to support his conclusion. Wheeler v. Stewart, 798 So.2d 386, 390 (Miss.2001) (discussing statutory requirements of traffic tickets); Bramlette v. State, 193 Miss. 24, 8 So.2d 234 (1942) (circuit court cannot acquire jurisdiction where lower court was without jurisdiction). He also relies on an opinion by the Mississippi Attorney General which relies upon Municipal Traffic Tickets, 000015214 Op. Att’y Gen. No.2002-0487 (Sept. 6, 2002).
¶ 10. The City argues that there is no jurisdictional defect because it moved the circuit court to amend the address reflected on the citation. The City also argues that nowhere is there a statutory mandate that the address of the municipal court be located on the ticket. The City argues that the wrong address on the ticket is merely a scrivener’s error of no consequence.
*233 ¶ 11. Whether the circuit court had jurisdiction to hear the charges against Loveless is a question of law which we review de novo. Jensen v. State, 798 So.2d 383, 384(¶ 6) (Miss.2001). Concerning the interpretation of a statute, the supreme court has stated that:
a statute imposing criminal penalties must be strictly construed in favor of the accused, it should not be so strict as to override common sense or statutory purpose. Strict construction means reasonable construction. This Court has held that the test concerning statutory construction is whether a person of ordinary intelligence would, by reading the statute, receive fair notice of that which is required or forbidden.
Palmer v. City of Oxford, 860 So.2d 1203, 1211(¶ 23) (Miss.2003) (internal citations omitted).
¶ 12. Statutory law requires that all municipal “criminal proceedings shall be brought by sworn complaint filed in the municipal court.” Miss.Code Ann. § 21-23-7 (Rev.2001). Our Uniform Traffic Ticket Law requires the following:
Every traffic ticket shall show, among other necessary information, the name of the issuing officer, the name of the court in which the cause is to be heard, and the date and time such person is to appear to answer the charge. The ticket shall include information which will constitute a complaint charging the offense for which the ticket was issued, and when duly sworn to and filed with a court of competent jurisdiction, prosecution may proceed thereunder.
Miss.Code Ann. § 63-9-21(3)(c) (Rev. 2004).
¶ 13. The supreme court has held that the sworn complaint requirement of Section 21-23-7 is met when the traffic ticket includes the information required in Section 63-9-21(3)(c). Wheeler, 798 So.2d at 391(¶ 8). The tickets in Wheeler “notified Wheeler to appear at the municipal court on a date certain, or to contact the municipal court clerk on or before that date certain.” Id. at 389(¶ 5). That information met the requirements of the statute. Id. at 391(¶ 8).
¶ 14. Here, all of the statutorily required information was contained on the traffic citation issued to Loveless. There is no requirement that the address of the municipal court be contained on the ticket. Prudence suggests that the proper address should be contained on traffic tickets to avoid situations where an alleged offender may be prejudiced by incorrect information. However, where no such prejudice occurs, and without a statutory mandate to include the location of a municipal court, the ticket issued to Loveless satisfied the requirements of the statute. The municipal court and circuit court had jurisdiction to hear the charges against Loveless.

2. Sufficiency of Evidence

¶ 15. Loveless argues that there was insufficient credible evidence that he was driving under the influence of intoxicating beverages. He relies on case law to conclude that evidence against him has already been held as insufficient to convict a defendant of driving under the influence. Richbourg v. State, 744 So.2d 352 (Miss.Ct.App.1999). Loveless directs our attention to evidence favorable to him, such as the more seasoned officer not rendering an opinion whether Loveless was under the influence of intoxicating liquor.
¶ 16. In Richbourg, this Court rejected the sufficiency of the HGN test as proof of intoxication. Richbourg, 744 So.2d at 354(¶ 5) (citing Young v. City of Brookhaven, 693 So.2d 1355 (Miss.1997)). We also held that there was legally insufficient evidence to convict Richbourg of driving un *234 der the influence of intoxicating liquor. The evidence against Richbourg could not include the results of the HGN test. Id. at 355(¶ 8). Testimony of the state trooper included that there were beer cans in the trunk of the vehicle, and an odor of intoxicating beverages on Richbourg’s person. Other than the HGN, no other field sobriety test was conducted such as the walk and turn or leg stand tests. The trooper testified that Richbourg did not have slurred speech and was not stumbling or staggering. Id. at 356 (¶¶ 9-11).
¶ 17. This Court has distinguished Richbourg twice: Saucier v. City of Poplarville, 858 So.2d 933 (Miss.Ct.App.2003); Knight v. City of Aberdeen, 881 So.2d 926 (Miss.Ct.App.2004). In Saucier, field sobriety tests were administered that have been distinguished from the HGN test. Saucier, 858 So.2d at 936 (¶¶ 16-17). The officer testified that Saucier was unable to pass these coordination tests and that Saucier exhibited “slurred speech, smell of alcohol, and glazed eyes.” Id. This evidence was sufficient to prove intoxication. Id.
¶ 18. In Knight, sufficient evidence consisted of Knight stating that he had consumed six beers, one just twenty minutes prior to the traffic stop. The arresting officer witnessed Knight driving his vehicle erratically, smelled alcohol, observed Knight stumble and attempt to stabilize himself by holding on to the bed of his truck, and the portable Intoxilyzer machine reflected that Knight was intoxicated. Knight, 881 So.2d at 929 (¶¶ 8 — 14).
¶ 19. In reviewing whether evidence is legally sufficient, we consider all of the evidence in the light most favorable to the City. Shaw v. State, 915 So.2d 442, 448(¶ 24) (Miss.2005). The relevant statutory provision states: “(1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor....” Miss.Code Ann. § 63-11-30(l)(a) (Rev.2004). The State must advance proof that Loveless was driving under the influence of intoxicating liquor, not that the driving ability of Loveless was impaired.
¶ 20. In accordance with the precedent established in Young, we exclude the testimony concerning the HGN test. Officer Davis testified that he noticed a strong smell of alcohol coming from Loveless. Officer Davis observed that Loveless had glazed, bloodshot, and heavy eyes, and that his speech was slurred. Loveless was unable to multitask when Officer Davis asked him for his proof of insurance and questions like where Loveless was coming from. Loveless had difficulty obtaining his insurance document and simultaneously answering the officer’s questions.
¶ 21. Upon exiting the vehicle, Loveless was holding onto the tailgate as he walked, as if to be stabilizing himself. Officer Davis asked Loveless how much Loveless had to drink that night. Loveless responded that he had consumed three or four beers approximately two or three hours prior to the stop. Officer Davis began to administer the walk and turn field sobriety test to Loveless. After Loveless stumbled more than once the officer did not perform any further field sobriety tests for fear that Loveless would fall and injure himself. Officer Davis concluded that Loveless was under the influence of intoxicating liquor. The officer’s opinion was properly accepted as lay testimony. Christian v. State, 859 So.2d 1068, 1070-71 (¶¶ 5-10) (Miss.Ct.App.2003). Viewing the evidence in a light most favorable to the City, the evidence presented to the trial court was sufficient to convict Loveless.
*235 ¶ 22. THE JUDGMENT OF THE PRENTISS COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE FIRST OFFENSE, POSSESSION OF BEER IN A DRY COUNTY, AND SPEEDING AND SENTENCE OF FORTY-EIGHT HOURS IN THE PRENTISS COUNTY JAIL AND $1,600 IN FINES IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ„ CONCUR.