# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KM-01225-COA

RANDOLPH PARKES FANCHER A/K/A                    APPELLANT
RANDOLPH P. FANCHER A/K/A RANDOLPH
FANCHER A/K/A RANDOLF PARKES
FANCHER

v.

STATE OF MISSISSIPPI                                       APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/13/2014 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | KEVIN DALE CAMP |
| | JARED KEITH TOMLINSON |
| ATTORNEY FOR APPELLEE: | JOHN G. (TRAE) SIMS III |
| CITY PROSECUTOR: | JOHN G. (TRAE) SIMS III |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| TRIAL COURT DISPOSITION: | AFFIRMED CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE OF FORTY-EIGHT HOURS IN THE CUSTODY OF THE MADISON COUNTY SHERIFF'S DEPARTMENT, WITH THE SENTENCE SUSPENDED FOR TWO YEARS, PLACED ON TWO YEARS OF UNSUPERVISED PROBATION, AND FINED $900 |
| DISPOSITION: | AFFIRMED - 02/09/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND ISHEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1. After a traffic stop and arrest in December 2012, Randolph Parkes Fancher was

convicted in the Madison County County Court of driving under the influence (DUI), first

offense, and careless driving. He was sentenced to forty-eight hours in the custody of the Madison County Sheriff, with his sentence suspended for two years, and placed on unsupervised probation for two years. Aggrieved, Fancher appeals to this Court. Finding no error, we affirm.

## STATEMENT OF FACTS

¶2. On December 28, 2012, Fancher was pulled over while driving his vehicle in Madison, Mississippi. Officer Tyler Burnell of the Madison Police Department testified that he initiated the traffic stop after witnessing Fancher traveling approximately fifteen miles per hour over the fifty-mile-per-hour speed limit and weaving his vehicle over the fog line and the divider line.

¶3. Officer Burnell testified that as he approached the vehicle, he observed the smell of an intoxicating beverage inside the vehicle and on Fancher's breath. When Officer Burnell asked Fancher if he had consumed alcohol that evening, Fancher responded that he had not been drinking. However, later in the evening, Fancher noted to Officer Burnell that he had taken several doses of NyQuil due to upper-respiratory issues. Officer Burnell asked Fancher to exit the vehicle. Fancher complied, and walked to the front of Officer Burnell's patrol car without issue. Officer Burnell did not observe any indicators of intoxication when Fancher was walking to the front of the vehicle. Officer Burnell asked Fancher if he would submit to a portable breath-alcohol test, which Fancher declined. However, Fancher agreed to submit to a field sobriety test.

¶4. Prior to conducting the field sobriety test, Fancher advised Officer Burnell that he had

2

ankle problems that affected his balance while standing and walking. As such, Officer Burnell only conducted a horizontal-gaze-nystagmus (HGN) test. Officer Burnell testified that Fancher failed the HGN test. Accordingly, Fancher was placed under arrest for DUI, and escorted to the police station. At the police station, Fancher was asked to submit to an Intoxilyzer 8000 breath-alcohol test. He declined, and was booked for DUI first offense and careless driving.

¶5.     Fancher pleaded nolo contendere in the Madison County Municipal Court in April 2013, and was convicted of both offenses. He appealed his case to the county court, which found him guilty of both charges after a trial de novo. On appeal, the circuit court affirmed the county court's judgment. Fancher now appeals his conviction and sentence for the DUI charge to this Court.

**DISCUSSION**

¶6.     Fancher contends that the county court erred in denying his motion for a directed verdict because the evidence was not sufficient to support his DUI conviction. Fancher further argues that the county court improperly considered his refusal to submit to the Intoxilyzer 8000 breath-alcohol test as proof of his guilt. The Mississippi Supreme Court has noted that in considering the denial of a motion for a directed verdict, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 315 (1979)).

3

¶7. In the case at hand, Fancher was convicted under Mississippi Code Annotated section 63-11-30(1)(a)-(b) (Supp. 2015), which states: "It is unlawful for a person to drive or otherwise operate a vehicle . . . if the person . . . [i]s under the influence of intoxicating liquor[] [or] [i]s under the influence of any other substance that has impaired the person's ability to operate a motor vehicle[.]"

¶8. At trial, the evidence before the county court consisted of the following: (1) the testimony of Officer Burnell regarding Fancher's speeding and weaving in the road and the smell of alcohol emanating from Fancher's vehicle and breath; (2) Fancher's admission that he had taken NyQuil that evening but had not consumed alcohol; and (3) Fancher's refusal to submit to the Intoxilyzer test.

¶9. While Fancher discusses Officer Burnell's testimony that Fancher had failed the HGN test, it is well settled that the failure of an HGN test only serves as probable cause on which an arrest may be made for DUI, not evidence to support a DUI conviction. *See Richbourg v. State*, 744 So. 2d 352, 357 (¶14) (Miss. 1999); *Young v. City of Brookhaven*, 693 So. 2d 1355, 1360-61 (Miss. 1997). As such, Fancher's failure of the HGN test should not have been introduced as evidence of Fancher's guilt. As noted previously, the record reflects that the county court did not mention the HGN test when discussing its reasoning for finding Fancher guilty of DUI.

¶10. Fancher argues that his refusal to submit to the Intoxilyzer test should not have been used as substantive guilt against him. However, Mississippi Code Annotated section 63-11-41 (Rev. 2013) states that "[i]f a person under arrest refuses to submit to a chemical test

[such as the Intoxilyzer], evidence of refusal shall be admissible[.]" That said, refusal to submit to an Intoxilyzer test does not, by itself, substantiate a DUI conviction. Rather, credible evidence on the whole must establish beyond a reasonable doubt that a defendant had consumed either intoxicating liquor or another substance and that the consumption impaired the defendant's ability to operate a motor vehicle.

¶11.    The remaining applicable evidence includes Officer Burnell's testimony that Fancher was speeding and weaving in the road, Officer Burnell's testimony that he smelled alcohol in Fancher's vehicle and on Fancher's breath, and Fancher's admission to having taken NyQuil, along with his insistence that he had not consumed alcohol. Fancher asserts that his case may be likened to *Richbourg*, in which the supreme court reversed a DUI conviction due to insufficient evidence. *Richbourg*, 744 So. 2d at 357 (¶15). In *Richbourg*, an officer responded to the scene of an accident and charged the driver with DUI based on the driver's failed HGN test, beer cans in the trunk of the driver's vehicle, and the smell of alcohol on the driver. *Id*. at 355-56 (¶¶9-11). Again, the supreme court reiterated that the results of an HGN test only provide probable cause for an arrest, not evidence for a conviction. *Id*. at 357 (¶14). Hence, the remaining evidence in *Richbourg* centered around the officer smelling alcohol on the defendant. With regard to the smell of alcohol, the supreme court stated: "The odor of alcohol [that the officer] detected about Richbourg's person, by his own admission under cross-examination, alone did not give an indication of how much . . . Richbourg had had to drink." *Id*. (internal quotation marks omitted). In sum, testimony regarding the smell of alcohol does not prove that alcohol was consumed or that a driver was impaired.

¶12.    We have previously distinguished the supreme court's ruling in *Richbourg* when other contributing factors are at play. *See e.g. Knight v. City of Aberdeen*, 881 So. 2d 926, 928-29 (¶¶12-15) (Miss. Ct. App. 2004); *Saucier v. City of Poplarville*, 858 So. 2d 933, 936 (¶¶15-16) (Miss. Ct. App. 2003). In *Saucier*, a driver was pulled over after an officer witnessed her speeding and weaving in the road. *Saucier*, 858 So. 2d at 934 (¶2). The officer conducted multiple field sobriety tests including the HGN test, all of which the officer testified that the driver failed. *Id.* at 936 (¶¶16-17). The officer testified that the driver exhibited slurred speech, smelled of alcohol, and had glazed eyes. *Id*. at (¶17). Another officer was also present and witnessed the driver sway after exiting her vehicle. *Id*. at 934 (¶3). Furthermore, the driver admitted to having been drinking wine earlier in the night. *Id*.

¶13.    In *Knight*, a driver was pulled over after being reported for suspicious driving. *Knight*, 881 So. 2d at 927 (¶¶4-6). The responding officer also witnessed the driver run off one side of the road only to weave back across the centerline before the traffic stop was initiated. *Id*. at (¶6). When questioned about his consumption of alcohol, the driver admitted to having consumed six beers – one approximately twenty minutes before the traffic stop. *Id.* at (¶8). In addition to seeing the defendant driving erratically and smelling alcohol, the officer also witnessed the defendant stumble before catching himself on his vehicle. *Id*. at 928 (¶18). Finally, a portable breath-alcohol test reflected that the defendant was intoxicated above the legal limit. *Id*.

¶14.    Essentially, contributing factors can elevate testimony regarding the smell of alcohol to proof sufficient to support a DUI conviction. Here, much like in *Saucier* and *Knight*,

6

Officer Burnell's testimony regarding Fancher speeding and weaving back and forth in the road elevated the sufficiency of the evidence as a whole. This testimony distinguishes this case from *Richbourg* since the responding officer here provided an eyewitness account of contributing factors in addition to his testimony that he smelled alcohol on Fancher's person and in his vehicle. As such, we find that the evidence was sufficient to convict Fancher of DUI, and we affirm the circuit court's judgment.

¶15. **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT AFFIRMING THE CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE OF FORTY-EIGHT HOURS IN THE CUSTODY OF THE MADISON COUNTY SHERIFF'S DEPARTMENT, WITH THE SENTENCE SUSPENDED FOR TWO YEARS, TWO YEARS OF UNSUPERVISED PROBATION, AND FINE OF $900, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.**