620 So.2d 971 (1993)
Herman D. LAVINGHOUSE
v.
MISSISSIPPI HIGHWAY SAFETY PATROL.
No. 91-CA-0041.
Supreme Court of Mississippi.
June 24, 1993.
Terry M. Haimes, Louisville, for appellant.
William H. Magnusen, Jr., Gulfport, for appellee.
Before PRATHER, P.J., and BANKS and SMITH, JJ.
PRATHER, Presiding Justice, for the Court:

I. INTRODUCTION
In this case, the appellant, Herman Lavinghouse, complains because the State of Mississippi suspended his driver's license in October 1990 after he refused to submit to a breathalyzer test. Only one issue merits discussion: Whether statutory law providing for pre-hearing suspension of a driver's license is violative of minimum due-process requirements?

II. ANALYSIS
In Morgan v. Town of Heidelberg, 246 Miss. 481, 150 So.2d 512, 514 (1963), this Court explained that "a license to operate a motor vehicle is a privilege granted by the State [and that] in accepting the license, *972 one must also accept all reasonable conditions imposed by the State in granting it." One of these "conditions" imposed upon a licensed driver is the giving of his or her consent to submit to a breathalyzer test when probable cause exists:
Any person who operates a motor vehicle upon the public highways, public roads and streets of this state shall be deemed to have given his consent, subject to the provisions of this chapter, to a chemical test, or test of his breath for the purpose of determining the alcoholic content of his blood. A person may give his consent to a chemical test or tests of his blood or urine for the purpose of determining the presence in his body of any other substance which would impair a person's ability to operate a motor vehicle. The test or tests shall be administered at the direction of any highway patrol officer, any sheriff or his duly commissioned deputies, any police officer in any incorporated municipality ..., when such officer has reasonable grounds and probable cause to believe that the person was driving or had under his actual physical control a motor vehicle upon the public streets or highways of this state while under the influence of intoxicating liquor or any other substance which had impaired such person's ability to operate a motor vehicle.
Miss. Code Ann. § 63-11-5(1) (1972).
Statutory law delineates the steps that must be taken if a driver refuses to submit to a breathalyzer:
If the officer has reasonable grounds and probable cause to believe such person to have been driving a motor vehicle upon the public highways, public roads, and streets of this state while under the influence of intoxicating liquor, such officer shall inform such person that his failure to submit to such chemical test or tests of his breath shall result in the suspension of his privilege to operate a motor vehicle upon the public streets and highways of this state for a period of ninety (90) days in the event such person has not previously been convicted of a violation of Section 63-11-30, or, for a period of one year in the event of any previous conviction of such person under Section 63-11-30.
Id. § 63-11-5(2).
If a person refuses upon the request of a law enforcement officer to submit to a chemical test of his breath designated by the law enforcement agency as provided in Section 63-11-5, none shall be given, but the officer shall at that point demand the driver's license of the person, who shall deliver his driver's license into the hands of the officer. If a person refuses to submit to a chemical test under the provisions of this chapter, the person shall be informed by the law enforcement officer that the refusal to submit to the test shall subject him to arrest and punishment consistent with the penalties prescribed in Section 63-11-30 for persons submitting to the test. The officer shall give the driver a receipt for his license on forms prescribed and furnished by the Commissioner of Public Safety. The officer shall forward the driver's license together with a sworn report to the Commissioner of Public Safety stating that he had reasonable grounds and probable cause to believe the person had been driving a motor vehicle upon the public highways, public roads and streets of this state while under the influence of intoxicating liquor, stating such grounds, and that the person had refused to submit to the chemical test of his breath upon request of the law enforcement officer.
Id. § 63-11-21.
The Public Safety Commissioner then examines the sworn report to verify compliance with each step of § 63-11-5. A verification of compliance will result in the suspension of the driver's license:
The Commissioner of Public Safety, or his authorized agent, shall review the sworn report by a law enforcement officer as provided in Section 63-11-21. If upon such review the Commissioner of Public Safety, or his authorized agent, finds (a) that the law enforcement officer had reasonable grounds and probable cause to believe the person had been driving a motor vehicle upon the public *973 highways, public roads and streets of this state while under the influence of intoxicating liquor; (b) that the person was placed under arrest after a refusal to take the test; (c) that he refused to submit to the test upon request of the officer; and (d) that the person was informed that his license to drive would be suspended or denied if he refused to submit to the test, then the Commissioner of Public Safety, or his authorized agent, shall give notice to the licensee that his license or permit to drive, or any nonresident operating privilege, shall be suspended thirty (30) days after the date of such notice for a period of ninety (90) days in the event such person has not previously been convicted of a violation of Section 63-11-30, or, for a period of one (1) year in the event of any previous conviction of such person under Section 63-11-30. In the event the commissioner or his authorized agent determines that the license should not be suspended, he shall return the license or permit to the licensee.
Id. § 63-11-23(1).
The driver whose license was suspended may file a petition for judicial review under § 63-11-25:
If the forfeiture, suspension or denial of issuance is sustained by the commissioner of public safety, or his duly authorized agent pursuant to subsection (1) of section 63-11-23, upon such hearing, the party aggrieved may file within ten (10) days after the rendition of such decision a petition in the circuit or county court of his residence for review of such decision and such hearing upon review shall proceed as a trial de novo before the court without a jury. Provided further, that no such party shall be allowed to exercise the driving privilege while any such appeal is pending.
In 1978, the United States Supreme Court examined a Massachusetts statute, which is similar to Mississippi's, and held that it did not violate minimum due-process requirements: "We conclude ... that the compelling interest in highway safety justifies ... a summary suspension effective pending the outcome of the prompt post-suspension hearing available." Mackey v. Montrym, 443 U.S. 1, 19, 99 S.Ct. 2612, 2621, 61 L.Ed.2d 321, 335 (1979).
One notable distinction exists between Mississippi statutory law and Massachusetts statutory law. Under Mississippi law, a driver who refuses to submit to a breathalyzer test is issued a "temporary driving permit" by the arresting officer immediately upon confiscation and suspension of his or her driver's license. This permit is valid for at least 30 days. See Miss. Code Ann. § 63-11-23(1) (Supp. 1992). The Mississippi Department of Public Safety extends the validity of the permit to 45 days. See Miss.Dep't of Public Safety "Receipt for Driver License and Temporary Driving Permit" (temporary permit provided driver by arresting officer).
Thus, a Mississippi driver whose license is suspended is not actually deprived of a protected property right before he or she is provided an opportunity to be heard. Be that as it may, under Mackey, Mississippi's statute is unquestionably constitutional.

III. CONCLUSION
Based on the foregoing analysis, this Court affirms and holds that statutory law providing for pre-hearing suspension of a driver's license is not violative of minimum due-process requirements.
AFFIRMED.
HAWKINS, C.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in result only.