913 So.2d 411 (2005)
Aubrey WALKER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-KM-02200-COA.
Court of Appeals of Mississippi.
April 26, 2005.
Deborah McDonald, Natchez, David M. Read, Burbank, attorneys for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before LEE, P.J., MYERS and BARNES, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. Aubrey Walker was formerly employed as a certified nursing assistant at the Liberty Community Living Center (LCLC), a nursing home in Amite County. Walker was charged with abusing Merlie Branning, an eighty-six year old vulnerable adult who resided at LCLC. The abuse allegedly occurred on April 14, 2002.
¶ 2. On the date in question, Walker was making her patient rounds with Gertrude Jones, a fellow co-worker at LCLC, and Angela Dickerson, a nursing assistant who was in training at LCLC. Dickerson testified that Jones left the room to receive a telephone call. While Walker and Dickerson *412 were in the room, Branning clung to the metal bed rail of her bed. According to Dickerson, Walker slapped Branning's hand and pulled Branning's hair. Dickerson did not immediately report the abuse because she was unsure that the nursing home staff would believe her and she was unsure of who to approach with the information. Dickerson did, however, report the abuse to Melissa Nevels, an LPN at LCLC, a few hours later.
¶ 3. Walker was convicted of abusing Branning in a trial in the Municipal Court of Liberty, Mississippi. Walker then appealed to the Amite County Circuit Court, and a trial de novo was held on September 16, 2003. Walker was found guilty, and subsequently filed a motion for a new trial, which was denied. It is from this conviction that Walker now appeals, arguing: (1) that the decision of the trial court was against the overwhelming weight of the evidence and (2) that the decision of the trial court was manifestly wrong and clearly erroneous.

STANDARD OF REVIEW
¶ 4. This Court's standard of review for claims that a conviction is against the overwhelming weight of the evidence is as follows:
[This Court] must "accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." A new trial will not be ordered unless the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction "unconscionable injustice."
Todd v. State, 806 So.2d 1086, 1090(¶ 11) (Miss.2001) (citing Crawford v. State, 754 So.2d 1211, 1222(¶ 30) (Miss.2000)). The evidence should be weighed in the light most favorable to the verdict. Herring v. State, 691 So.2d 948, 957 (Miss.1997). When a trial court sits without a jury, this Court will reverse only when the findings of the trial judge are manifestly wrong or clearly erroneous. Amerson v. State, 648 So.2d 58, 60 (Miss.1994).
¶ 5. Finding no error, we affirm.

I. WAS THE DECISION OF THE TRIAL COURT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 6. On appeal Walker argues that her conviction is against the overwhelming weight of the evidence. When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, this Court will only disturb a verdict when it is "so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Herring, 691 So.2d at 957.
¶ 7. We do not agree with Walker's contention that her conviction is against the weight of the evidence. Angela Dickerson, a nursing assistant, testified that she accompanied Walker on her rounds on April 14. Together they went to the Alzheimer's wing and into Branning's room at approximately 3:30 p.m. Dickerson testified that Walker "grabbed her by the hand, yanking her hand from the rail; she let go of the rail, and [Walker] started hitting her on the hand." Dickerson further testified that the women tried to move Branning to change her gown, but Branning would not cooperate. Dickerson testified that Walker "grabbed her by the hair of the head and yanked her up from her pillow by the hair of her head." Dickerson reported the incident to Melissa Nevels around 6:30 p.m. Nevels and Sheila Young, the charge nurse for the shift, both testified that they went to check on Branning after they learned of the incident. Both women testified *413 that Branning was frightened, withdrawn, and lying in bed. Both women testified that Branning's hand was red and bruised.
¶ 8. Walker argues that Dickerson's testimony is contradicted by Walker's testimony and by the testimony of Gertrude Jones, who assisted Dickerson and Walker as they made rounds. However, Dickerson testified that Jones was down the hall on the telephone when the abuse occurred. Jones testified that while it is true that she received a telephone call, she was in the room the entire time that Walker and Dickerson were assisting Branning. Jones testified that although Branning was upset, Jones watched Walker gently stroke Branning's hand, and not slap it, as Dickerson testified.
¶ 9. "The trial judge has the sole authority to determine the credibility of the witnesses when sitting as trier of fact in a bench trial." Rice Researchers, Inc. v. Hiter, 512 So.2d 1259, 1265 (Miss.1987). "Where evidence is contradictory, this Court `generally must affirm.'" Lesley v. State, 606 So.2d 1084, 1091 (Miss.1992). At a minimum, the testimony of these witnesses creates a question of fact to be resolved by the trial judge. This assignment of error lacks merit.

II. WAS THE DECISION OF THE TRIAL COURT MANIFESTLY WRONG OR CLEARLY ERRONEOUS?
¶ 10. In a bench trial, the trial judge is "the jury" for all purposes of resolving issues of fact. Doolie v. State, 856 So.2d 669, 672(¶ 7) (Miss.Ct.App.2003). As discussed in Section I of this opinion, the trial judge's decision was based upon substantial evidence. We cannot say that his decision was manifestly wrong or clearly erroneous. Although the defense presented witnesses whose testimony contradicted the testimony of the State's witnesses, these variations in testimony create questions of fact for the trial judge to resolve. As such, we do not agree that his decision was manifestly wrong or clearly erroneous. This assignment of error lacks merit.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF AMITE COUNTY OF CONVICTION OF THE ABUSE OF A VULNERABLE ADULT AND FINE OF $120 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.