BARNES, J.,
 

 for the Court.
 

 ¶ 1. Willie Marcus Knight appeals his conviction of DUI First Offense and subsequent denial by the Circuit Court of Newton County of his “Motion to Reconsider and Amend Judgment and in the Alternative for a New Trial.” Finding no error, we affirm.
 

 
 *78
 
 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In the early morning hours of January 27, 2007, a Newton County Sheriffs Department deputy, Jamie Leach, witnessed a truck traveling west on Highway 494. The truck turned south onto Chunky Duffee Road. About twenty minutes later, the same truck returned going north on the same road headed toward the intersection of Highway 494. The vehicle accelerated, ran the stop sign, and, according to Deputy Leach, “jumped Highway 494,” with the all four wheels leaving the ground as it crossed the intersection. Deputy Leach immediately sto]oped the vehicle. Knight, a nineteen-year-old male, was the driver; three other teenage passengers were also in the truck. Upon request, Knight produced his driver’s license and insurance information and handed it to Deputy Leach, who detected the odor of an alcoholic beverage coming from the vehicle. Deputy Leach also observed a twenty-pack of beer, which had approximately six or seven cold, unopened cans left in the box. Knight admitted that the beers were his. Deputy Leach asked Knight to step out of the vehicle, and he complied. When Deputy Leach asked Knight whether he had been drinking, Knight admitted that he had consumed one or two beers. Knight was very cooperative, did not stumble or stagger, and his speech was not slurred. Deputy Leach did not administer any field sobriety tests; however, he did ask Knight to take a breathalyzer test at the scene. Knight refused; so Deputy Leach took him into custody and transported him to the Newton County Sheriffs Department. Once there, Knight again refused to take the Intoxilyzer 8000 test, and he was charged with a DUI refusal. At trial, Deputy Leach testified that Knight refused the test because Knight said he did not believe he would pass it.
 

 ¶ 3. Knight was convicted in Newton County Justice Court on April 17, 2007, of reckless driving in violation of Mississippi Code Annotated section 63-3-1201 (Rev. 2004), of possession of beer in a dry county in violation of Mississippi Code Annotated 67-3-13 (Rev.2005), and of DUI First Offense in violation of Mississippi Code Annotated section 63 — 11—30(l)(a) (Rev.2004). On April 30, 2007, Knight appealed his DUI First Offense and possession of beer convictions to the Circuit Court of Newton County. Knight did not appeal his reckless driving conviction. On December 12, 2007, the circuit court, in a bench trial, found Knight guilty of both offenses. Knight filed a “Motion to Reconsider and Amend Judgment and in the Alternative for a New Trial” on December 19, 2007, which the circuit court subsequently denied on February 26, 2008. In the present appeal, Knight challenges his conviction for the DUI First Offense; he does not appeal his conviction for possession of beer.
 

 STANDARD OF REVIEW
 

 ¶4. The trial judge in a bench trial acts as “ ‘the jury’ for all purposes of resolving issues of fact.”
 
 Doolie v. State,
 
 856 So.2d 669, 671(¶ 7) (Miss.Ct.App.2003). “ ‘A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor,’ and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence.”
 
 Id.
 
 (citing
 
 Mason v. State,
 
 799 So.2d 884, 885(¶ 4) (Miss.Ct.App.2001)). “When a trial court sits without a jury, this Court will reverse only when the findings of the trial judge are manifestly wrong or clearly erroneous.”
 
 Walker v. State,
 
 913 So.2d 411, 412(¶ 4) (Miss.Ct.App.2005) (citing
 
 Amerson v. State,
 
 648 So.2d 58, 60 (Miss.1994)).
 

 
 *79
 
 ¶ 5. We review a motion to reconsider under an abuse-of-discretion standard.
 
 Ducote v. State,
 
 970 So.2d 1309, 1312(¶ 6) (Miss.Ct.App.2007) (citing
 
 Acker v. State,
 
 797 So.2d 966, 969(¶10) (Miss.2001)). “A motion for a new trial attacks the weight of the evidence and is addressed to the trial court’s sound discretion.”
 
 Turner v. State,
 
 910 So.2d 598, 602(¶ 16) (Miss.Ct.App.2005) (citation omitted). A circuit court’s denial of a motion for a new trial will only be reversed “if we determine that the trial court abused its discretion.”
 
 Id.
 
 A new trial should not be ordered “unless ... the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice.”
 
 Id.
 
 (citation omitted). “When determining whether a verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict.”
 
 Jones v. State,
 
 958 So.2d 840, 843(¶ 6) (Miss.Ct.App.2007) (citing
 
 Herring v. State,
 
 691 So.2d 948, 957 (Miss.1997)).
 

 Whether there was sufficient evidence to sustain a conviction for DUI First Offense.
 

 ¶ 6. Mississippi Code Annotated section 63-ll-30(l)(a) makes it “unlawful for any person to drive or otherwise operate a vehicle 'within this state who ... is under the influence of intoxicating liquor.” This particular subsection of the statute “is commonly referred to as ‘common law DUI.’ ”
 
 Gilpatrick v. State,
 
 991 So.2d 130, 133(¶ 18) (Miss.2008). In cases where the “defendant’s blood[-]alcohol results are unavailable ... but there is sufficient evidence that the defendant operated a vehicle under circumstances indicating his ability to [operate] the vehicle was impaired by the consumption of alcohol[,]” common law DUI can be proven.
 
 Id.
 
 (citing
 
 Leuer v. City of Flowood,
 
 744 So.2d 266, 268(¶ 7) (Miss.1999)).
 

 ¶ 7. The evidence considered by the circuit court in its determination of whether Knight was driving under the influence was that: (1) Knight was driving in a reckless manner; (2) alcohol was present in his vehicle; (3) the smell of alcohol was present around his vehicle; (4) Knight admitted that he had consumed a couple of beers at some point that evening; and (5) Knight refused to submit to a breathalyzer test. Knight claims that the State failed to meet its burden of proof beyond a reasonable doubt that he was driving under the influence of an intoxicating liquor. Knight argues that the evidence presented was not sufficient, and the fact that he was not exhibiting any physical signs of impairment, such as stumbling or slurred speech, was evidence that he was not impaired.
 

 A. Consideration of the Smell of Alcohol and the Presence of Beer Cans in Knight’s Truck
 

 ¶ 8. Knight cites
 
 Richbourg v. State,
 
 744 So.2d 352, 357(¶ 14) (Miss.Ct.App.1999) for the proposition that the mere smell of alcohol on a person is not sufficient to establish a prima facie case of driving under the influence. In
 
 Richbourg,
 
 the defendant had a motor vehicle accident, and upon arrival at the accident scene, the Mississippi state trooper smelled alcohol “about the person.” The trooper also observed open beer cans in the trunk of Richbourg’s car.
 
 Id.
 
 at 354(¶ 3). The supreme court found that this evidence was not sufficient to “establish a prima facie case of Richbourg’s guilt of driving under the influence.”
 
 Id.
 
 at 357(¶ 14).
 

 ¶ 9. Knight argues that
 
 Richbourg
 
 is on point with the facts in the present case; however, we find there to be distinct differences. The open beer cans in Rich-bourg’s vehicle were located in the trunk
 
 *80
 
 of his vehicle, left over from a party the night before, and had raptured from the impact of the accident.
 
 Id.
 
 at 354 (¶¶ 2, 3). Here, the remaining, unopened beer cans in Knight’s vehicle were located in the cab of his truck, within reach of the passengers, and were still cold. Also, Knight admitted that he had recently consumed at least “a couple” of beers. In contrast, Richbourg only had one beer at lunch approximately four hours prior to the accident.
 
 Id.
 
 at 353(112). Accordingly, we do not find
 
 Richbourg
 
 dispositive.
 

 B. Consideration of Knight’s Refusal of the Breathalyzer Test
 

 ¶ 10. Knight contends that the circuit court’s consideration of his refusal to submit to a breathalyzer test was not probative of the DUI charge as Deputy Leach admitted that the charge was based on Knight’s reckless driving and the smell of alcohol, not his refusal to submit to the test. At the bench trial, the circuit court judge stated:
 

 And I think right there, where the court wants to go, under the law and the facts, is that there was some evidence that the Defendant was under the influence of alcohol beverages.
 

 What was that? Not only that he’d had a couple of beers, that there was a smell, but under the totality[-]of[-]the[-]circumstances standard, that he refused to take the two tests.
 

 ¶ 11. “The standard of review governing the admission or exclusion of evidence is abuse of discretion.”
 
 Williams v. State,
 
 991 So.2d 593, 597(¶ 8) (Miss.2008) (citation omitted). Unless the evidence allowed is considered prejudicial to the defense, the trial judge will be afforded a “great deal of discretion” in his determination of the relevancy and admissibility of the evidence.
 
 Id.
 

 ¶ 12. We find nothing improper in the trial court’s consideration of Knight’s refusal to submit to the breathalyzer test. Mississippi Code Annotated section 63-11-41 (Rev.2004) states: “If a person under arrest refuses to submit to a chemical test under the provisions of this chapter, evidence of refusal shall be admissible in any criminal action under this chapter.” This Court has found that evidence of a defendant’s refusal to submit to a breathalyzer test is relevant and admissible under Mississippi Rule of Evidence 402.
 
 Starkey v. State,
 
 941 So.2d 899, 901(¶ 5) (Miss.Ct.App.2006) (citing
 
 Ricks v. State,
 
 611 So.2d 212, 215-16 (Miss.1992)). Also, Deputy Leach testified that Knight’s refusal was based on Knight’s stated fear that he would not pass the test, which corroborated the testimony that Knight had consumed alcohol prior to the incident.
 

 ¶ 13. Therefore, we find that the circuit court judge did not abuse his discretion in considering the evidence of Knight’s refusal to submit to the breathalyzer test as it was relevant to the DUI charge.
 

 C. Consideration of Knight’s Reckless Driving
 

 ¶ 14. Knight also contends that the circuit court punished him for reckless driving by convicting him of DUI.
 
 [1]
 
 Knight ran a stop sign and “jumped” the intersection of the highway, with all four wheels of the vehicle leaving the pavement. Knight attempts to reason that his ability to keep his vehicle under control after “jumping” the intersection showed that he was not impaired. We reject that contention. In
 
 Christian v. State,
 
 859 So.2d 1068, 1073(¶ 19) (Miss.Ct.App.2003), this Court found that evidence of running a stop sign
 
 *81
 
 and failing to turn off high beams was sufficient evidence of driving impairment.
 

 ¶ 15. Knight also argues that his driving, while admittedly reckless, was not erratic. We cannot find any Mississippi case which distinguishes “erratic driving” from “reckless driving.” The Missouri appellate court has stated that:
 

 Erratic driving entails something more than mere negligence. It connotes the abnormal, peculiar, unaccountable and aberrant operation of the vehicle. Erratic driving is not the product of carelessness or of inattention but is
 
 conduct no heedless of circumstances as to be attributable to some impairment of faculties or of function.
 

 Yingling v. Hartwig,
 
 925 S.W.2d 952, 958 (Mo.Ct.App.1996) (citation omitted) (emphasis added). Under our “reckless[-jdriv-ing statute, ‘reckless’ means ‘the commission of conscious acts or omissions which a driver knows or should know create an unreasonable risk of injury or damage.’ ”
 
 Turner v. City of Ruleville,
 
 735 So.2d 226, 228(¶ 9) (Miss.1999) (quoting
 
 Barnes v. State,
 
 249 Miss. 482, 485, 162 So.2d 865, 866 (1964)). Knight’s action of “jumping” through the highway intersection without regard for traffic signs, clearly showed a serious lack of judgment and disregard for the safety of himself and others, which when coupled with the other evidence, is sufficient to show driving under the influence.
 

 ¶ 16. Knight cites no authority that the circuit court could not consider Knight’s reckless driving as evidence for his DUI conviction. Defense counsel even admitted at the bench trial that the circuit court judge, as the trier of fact, could consider the reckless driving as having probative value under the “totality of the circumstances.” “[F]actual findings made by a trial judge sitting without a jury will be upheld when they are supported by reasonable evidence found in the record and are not manifestly wrong or clearly erroneous.”
 
 Christian,
 
 859 So.2d at 1072(¶ 17) (citing
 
 Bray v. City of Meridian,
 
 723 So.2d 1200, 1202(¶16) (Miss.Ct.App.1998)). Accordingly, we find that the circuit court did not err in its consideration of Knight’s reckless driving.
 

 CONCLUSION
 

 If 17. Upon our review of the record, we find that there is substantial evidence to support Knight’s conviction of DUI First Offense. Further, we do not find that the circuit court abused its discretion in its denial of Knight’s motion for reconsideration and, in the alternative, for a new trial. Accordingly, we affirm.
 

 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY OF CONVICTION OF DUI FIRST OFFENSE AND SENTENCE OF FORTY-EIGHT HOURS IN THE CUSTODY OF THE NEWTON COUNTY SHERIFF’S DEPARTMENT, WITH THE SENTENCE TO BE SUSPENDED UPON COMPLETION OF DRUG AND SAFETY PROGRAM, AND TO PAY A $500 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 . Again, we note that on appeal, Knight did not contest his reckless-driving conviction.