ISHEE, J.,
for the Court:
¶ 1. In September 2011, Joy Huhn was convicted in the Municipal Court of Brandon, Mississippi, of misdemeanor driving under the influence of alcohol (DUI) and careless driving. Huhn appealed to the County Court of Rankin County, Mississippi. After an unsuccessful trial de novo before the county court, Huhn filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. The county court denied the motion. Huhn then appealed to the Rankin County Circuit Court. The circuit court affirmed the county court’s judgment. Huhn now appeals the denial of her motion for a JNOV and also asserts that the county court judge applied an incorrect legal standard in determining her guilt. Finding no reversible error, we affirm.
STATEMENT OF FACTS
¶ 2. On October 24, 2010, around 2:00 a.m., Huhn was pulled over while driving her vehicle in Brandon, Mississippi. Brandon Police Department Officer Chris Park testified that he observed Huhn’s vehicle swerving in the road, and he subsequently initiated the traffic stop. Upon approach *949 ing the vehicle, Officer Park stated he noticed a strong smell of alcohol emanating from the driver’s side of the vehicle. When Officer Park asked Huhn if she had consumed alcohol on that evening, she admitted to having had one beer earlier in the evening. Huhn also stated that the reason for her car swerving in the road was that she leaned over to retrieve some personal property in the vehicle and inadvertently swerved.
¶3. Officer Park then asked Huhn to step out of the vehicle and requested that she participate in various field-sobriety tests. She agreed to participate in the tests and exited the vehicle. Accordingly, Officer Park instructed her to perform a number of physical tests,' including the horizontal-gaze-nystagmus (HGN) test, the walk-and-turn (WAT) test, the heel-to-toe (HTT) test, and the one-leg-stand (OLS) test. Officer Park testified that Huhn failed the HGN test, showed four out of eight signs of impairment in the WAT test, failed the HTT test, but passed the OLS test. However, Officer Park recognized that Huhn’s failure in the HTT test was not a sign of impairment, but, rather, a misunderstanding of the test’s instructions.
¶ 4. Officer Park then asked Huhn to submit to a portable-breathalyzer test. Upon her refusal, she was arrested for misdemeanor DUI and careless driving. She again refused to participate in a breath test at the police headquarters. Huhn pleaded not guilty to the charges against her, and a bench trial was conducted in the municipal court in September 2011. The municipal court found her guilty of all charges. Huhn appealed to the county court, which granted her a de novo trial.
¶ 5. At the close of trial in the county court, Huhn’s counsel argued the prosecutor had not shown a prima facie case of guilt to meet the State’s burden of proof. The county court deemed this argument a motion for a directed verdict challenging the sufficiency of the evidence. The county court judge determined that the prosecution had met its burden of proof and had established a prima facie case of guilt beyond a reasonable doubt. In addressing the defense counsel’s argument and Huhn’s conviction, the county court judge referenced several standards of law. Among the standards recited was the standard for sufficiency of the evidence, the standard applicable when faced with a motion for a directed verdict.
¶ 6. After the county court found her guilty and sentenced her, Huhn filed a motion for a JNOV or, in the alternative, a new trial. In her motion, she noted that the county court judge had erroneously applied the lesser standard for sufficiency of the evidence, instead of the beyond-a-reasonable-doubt standard for determining guilt, when convicting her of both offenses. She further asserted that the evidence was insufficient to prove her guilty beyond a reasonable doubt. The motion was denied, and Huhn appealed the case to the circuit court, which affirmed the conviction. She now appeals the denial of her motion for a JNOV and asserts she was convicted of DUI and careless driving under an improper standard.
DISCUSSION
¶ 7. While Huhn’s first argument on appeal attacks the sufficiency of the evidence to support the conviction for DUI, this is the same claim asserted through Huhn’s motion for a JNOV. Hence, we review the denial of Huhn’s motion for a JNOV.
¶ 8. In reviewing the denial of a motion for a JNOV, we analyze the circuit court’s decision under an abuse-of-discretion standard. Vaughn v. State, 972 So.2d 56, 59 (¶ 11) (Miss.Ct.App.2008) (citing Dil *950 worth v. State, 909 So.2d 731, 786 (¶ 17) (Miss.2005)). Again, a motion for a JNOV challenges the sufficiency of the evidence. See Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005).
¶ 9. The Mississippi Supreme Court has noted that in reviewing the denial of a motion for a JNOV, “the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id. (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). It is important to note that this is an objective standard and not a subjective one. In other words, an appellate court should not question “whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.” Id. (quoting Jackson, 443 U.S. at 315, 99 S.Ct. 2781). The key consideration is whether any rational trier of fact could have determined guilt beyond a reasonable doubt. Id.
¶ 10. Accordingly, we look to the essential elements of the crimes charged. Huhn was convicted under Mississippi Code Annotated section 63-11-30(l)(a) (Supp.2012). A conviction under this statute is often referred to as common-law DUI. Knight v. State, 14 So.3d 76, 79 (¶ 6) (Miss.Ct.App.2009) (citation omitted). Common-law DUI can be proven “in cases where the defendant’s blood-alcohol results are unavailable but there is sufficient evidence that the defendant operated a vehicle under circumstances indicating [her] ability to operate the vehicle was impaired by the consumption of alcohol.” Istiphan v. City of Madison, 81 So.3d 1200, 1205 (¶ 9) (Miss.Ct.App.2012) (citation and quotation marks omitted).
¶ 11. Here, ample evidence was offered by the City of Brandon in the form of testimony from the sole testifying witness, Officer Park, with regard to Huhn’s condition on the morning in question. When asked what notified him that Huhn may be impaired, Officer Park stated the following: “Ms. Huhn’s vehicle passed over the right fog line, went back over the left fog line into the turn lane, over the right fog line again, and then proceeded through the red light into the turn lane of oncoming traffic and then back into the [proper] lane.” Officer Park testified that after he pulled the vehicle over and approached the driver’s side window, he immediately noticed a strong smell of alcohol emanating from the vehicle. When asked if she had been drinking, Huhn responded that she had consumed one beer that night.
¶ 12. Officer Park then asked Huhn to submit to several field-sobriety tests. Huhn agreed, and stepped out of the vehicle. Officer Park again noticed a strong smell of alcohol emanating from Huhn’s person. He then began the field-sobriety tests, beginning with the HGN test, which tests for involuntary movement of the eye due to alcohol impairment. Officer Park testified that Huhn failed all three parts of the HGN test.
¶ 13. He then administered the WAT test, consisting of a series of tasks where a person walks down a line and back in a prescribed manner. Officer Park instructed Huhn on how to take the test, during which time Office Park observed Huhn sway and step off of the line. She then failed three other portions of the WAT test, including stepping off of the line and spinning around instead of turning as instructed. Officer Park next administered the HTT test. Although Huhn failed the test in its entirety, Officer Park recognized that this was likely because of a misunder *951 standing of the instructions. Finally, Officer Park conducted the OLS test. Huhn passed this test without exhibiting signs of impairment.
¶ 14. Although Huhn refused to consent to either the portable-breathalyzer test offered by Officer Park in the field or the breath test offered by the police department at headquarters, her actions, as witnessed by Officer Park, were sufficient to support a conviction of common-law DUI. Her swerving across the road, running a red light, and entering an improper lane of traffic warranted a conviction for careless driving and contributed to Officer Park’s determination that Huhn was driving under the influence of alcohol. Officer Park’s observations of Huhn during the field-sobriety tests were also ample proof that Huhn’s ability to operate her motor vehicle had been impaired by her admitted consumption of alcohol. We find this issue to be meritless.
¶ 15. Next, Huhn asserts that the county court judge applied an improper standard of law when convicting her of common-law DUI. At the close of the trial, defense counsel argued that the State had failed to show a prima facie case of common-law DUI. In other words, the defense counsel asserted that the evidence was insufficient for the State to meet its burden of proof in showing that Huhn had committed common-law DUI beyond a reasonable doubt. Later, in rendering his decision, the county court judge cited Ellis v. State, 77 So.3d 1119 (Miss.Ct.App.2011), as recent and applicable case law on common-law DUI. The county court judge cited both the standards for conviction of common-law DUI, that of guilt of the essential elements of the crime beyond a reasonable doubt, as well as the standard for weight and sufficiency of the evidence.
¶ 16. However, the standards noted were all mentioned in passing within the county court judge’s extensive on-the-record analysis of the evidence before the court. It is erroneous for Huhn to argue on appeal that the conviction must be reversed because the county court improperly relied only on the standard for sufficiency of the evidence instead of the standard for conviction. It is clear from the five pages of transcript wherein the county court judge narrated his analysis of the evidence and the applicable law that his determination of Huhn’s guilt was well-founded both on the law and the evidence. This issue is without merit.
¶ 17. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF MISDEMEANOR DRIVING UNDER THE INFLUENCE OF ALCOHOL AND CARELESS DRIVING AND SENTENCE OF FORTY-EIGHT HOURS OF IMPRISONMENT IN THE CUSTODY OF THE RANKIN COUNTY SHERIFF’S DEPARTMENT, WITH FORTY-EIGHT HOURS SUSPENDED; TWO YEARS OF UNSUPERVISED PROBATION; AND TO PAY ALL FINES ASSOCIATED WITH THE CONVICTIONS AND SENTENCES IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.