IRVING, P.J.,
for the Court:
¶ 1. In March 2010, in the Starkville Municipal Court, Bradley Mobley entered a plea of no contest to driving under the influence pursuant to Mississippi Code Annotated section 63-ll-30(l)(a), (c) (Rev. 2013). The municipal court found Mobley guilty. He appealed his conviction to the Oktibbeha County Circuit Court, which, after a trial de novo, also found him guilty of driving under the influence. The circuit court sentenced Mobley to forty-eight hours in the county jail but suspended Mobley’s sentence for two years, pending Mobley’s good behavior. Feeling aggrieved, Mobley appeals and argues that the circuit court’s ruling was against the overwhelming weight of the evidence.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On January 23, 2010, Officer Andy Round, with the Starkville Police Department, observed Mobley’s vehicle run partially off the road. Officer Round was running a stationary radar while sitting on the north side of Highway 182 in Stark-ville, Mississippi. Officer Round activated his emergency lights and initiated the traffic stop after seeing Mobley’s vehicle run off the side of the road and return to the proper driving lane. Officer Round stated that he suspected that Mobley may have been under the influence of drugs or alcohol.
¶ 4. During the traffic stop, Officer Round smelled alcohol on Mobley’s breath and noticed that Mobley’s eyes were bloodshot. However, Mobley responded appropriately to Officer Round’s questions and had no noticeable trouble complying with Officer Round’s requests. Officer Round asked Mobley how much he had had to drink, and Mobley responded by stating that he had had “a couple of mixed drinks.” Officer Round requested that Mobley submit to a portable breath test, to which Mobley complied. The results registered positive for the presence of alcohol.
¶ 5. Next, Officer Round administered the horizontal-gaze-nystagmus (HGN) test, where he observed all six of the recognized signs of an impaired driver. Additionally, Officer Round noted that Mobley placed his hands on his car to maintain his balance throughout the traffic stop. Officer Round placed Mobley under arrest and transported him to the Starkville Police Department. Once there, Officer Round, *958 though certified to administer the Intoxi-lyzer, used an access-operator card belonging to Officer Josiah Buckner, also with the Starkville Police Department, to access and administer the Intoxilyzer. Mobley consented to the test, and the results of the Intoxilyzer indicated that Mobley’s blood-alcohol-content level was .09 percent. The Intoxilyzer results were admitted into evidence without objection from Mobley’s counsel.
¶ 6. Officer Round admitted that on the day that he administered the test to Mob-ley, he had not received his certification card from the Mississippi Department of Public Safety, located in Jackson, Mississippi. He explained that his access-operator card arrived two days after Mobley’s arrest. Further, although Officer Round administered the test, Officer Buckner signed the Intoxilyzer results, indicating that he had operated the Intoxilyzer.
¶ 7. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 8. Mobley contends that the circuit court’s ruling was not based on credible evidence because Officer Buckner, who signed the Intoxilyzer results, was not the actual administrator of the test. As such, the Intoxilyzer was “tricked” into producing its results, and the results were not credible evidence that Mobley committed the offense. We disagree.
¶ 9. The findings of “[a] circuit court ... sitting without a jury ... are safe on appeal where they are supported by substantial, credible, and reasonable evidence.” Knight v. State, 14 So.3d 76, 78 (¶ 4) (Miss.Ct.App.2009) (quoting Doolie v. State, 856 So.2d 669, 671 (¶ 7) (Miss.Ct.App.2003)) (internal quotation marks omitted). Therefore, “this Court will reverse only when the findings of the [circuit court] are manifestly wrong or clearly erroneous.” Id. (quoting Walker v. State, 913 So.2d 411, 412 (¶ 4) (Miss.Ct.App.2005)) (internal quotation marks omitted). Further, a circuit court’s determination regarding “[t]he admissibility and relevancy of evidence falls within the [circuit] court’s discretion, and absent an abuse of that discretion, we will not disturb that decision.” Evans v. State, 93 So.3d 62, 65 (¶ 11) (Miss.Ct.App.2012) (citing Pulido v. City of Oxford, 991 So.2d 1223, 1228 (¶ 22) (Miss.Ct.App.2008)).
¶ 10. Mobley did not object to the admission of the Intoxilyzer results at trial. Therefore, his challenge on appeal to the circuit court’s admission of those results is procedurally barred. See Parkman v. State, 108 So.3d 443, 446 (¶ 9) (Miss.Ct.App.2012).
¶ 11. Procedural bar notwithstanding, Mobley’s contention is without merit. “The results of a breath-analysis test are only valid if performed by a person certified to give such a test.” Hudspeth v. State, 28 So.3d 600, 603 (¶ 12) (Miss.Ct.App.2009) (citing Johnston v. State, 567 So.2d 237, 238 (Miss.1990)). It is undisputed that Officer Round was certified to administer the Intoxilyzer but had not received his access-operator card by the night of Mobley’s arrest. More importantly, there was no evidence that Officer Round’s use of Officer Buckner’s access-operator card altered the Intoxilyzer results. During cross-examination, Officer Round testified that although he did not use his own access-operator card to start the Intoxilyzer, “[t]he machine was run the same way, whether it would have been my card or his card[.]” There is no evidence that the results of the test, generated solely by Mobley’s breath, would have been different based on the operator of the In- *959 toxilyzer. Therefore, the court did not abuse its discretion in admitting the Intox-ilyzer results.
¶ 12. Furthermore, the court’s ruling is not against the overwhelming weight of the evidence. When examining “whether a verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict[.]” Graham v. State, 878 So.2d 162, 166 (¶ 19) (Miss.Ct.App.2004) (citing Ford v. State, 753 So.2d 489, 490 (¶ 8) (Miss.Ct.App.1999)). Here, the City presented evidence that as Officer Round spoke with Mobley during the traffic stop, he smelled the odor of alcohol on Mobley’s breath. Also, during the HGN test, Officer Round observed six out of the six indicators of an impaired driver. Moreover, Officer Round testified that Mobley used his car to maintain his balance throughout the traffic stop. In looking at this evidence, we cannot say that the verdict is against the overwhelming weight of the evidence. Accordingly, this issue is without merit.
¶ 13. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE AND SENTENCE OF FORTY-EIGHT HOURS IN THE OKTIBBEHA COUNTY JAIL, WITH THE SENTENCE SUSPENDED PENDING THE DEFENDANT’S GOOD BEHAVIOR, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.