IRVING, P.J.,
for the Court:
¶ 1. The Webster County Justice Court found Eric B. Gore guilty of driving under *1098 the influence (DUI), first offense. Gore appealed to the Webster County Circuit Court, which, after a trial de novo, also found Gore guilty of DUI. The circuit court sentenced Gore to forty-eight hours in the county jail, with the sentence suspended subject to Gore’s completion of six months of probation and additional conditions, and ordered Gore to pay a fine of $520.50. Feeling aggrieved, Gore appeals and raises the following issues, which we quote below:
I. The trial court committed error when it accepted contradictory testimony from the officer that the defendant was observed for twenty (20) minutes immediately prior to being tested as required by the Mississippi Department of Public Safety and also by [Mississippi Code Annotated section] 63 — 11— 5(1) [ (Rev.2013) ] for fifteen (15) minutes prior to being tested.
II. The court erred in its ruling when it failed to require the State of Mississippi to follow established statutory guidelines which, by not doing such, violated Eric B. Gore’s Due Process Rights under the United States Constitution Amend[ment] XIV and [the] Mississippi Constitution [Article 3, Section] 14.
III. Driving under the influence is an enhancement charge under [Mississippi Code Annotated section] 63-11-30 [ (Rev.2013) ] and the trial court failed to require the State to provide Eric B. Gore all of his constitutional protections.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On June 18, 2011, at approximately 10:30 p.m., Mississippi Highway Patrol Trooper Clay Bane stopped Gore’s vehicle for speeding. During the traffic stop, Trooper Bane “smelled what appeared to be an intoxicant” on Gore’s breath. He asked Gore to step out of the vehicle. Gore exited the vehicle and went with Trooper Bane back to Trooper Bane’s vehicle. Trooper Bane asked Gore if he had been drinking, and Gore replied that he had “some beers” before dinner. Trooper Bane performed a portable breath test and received a positive reading after Gore blew into the machine. He performed the test twice to make sure that the machine was not just reading something that was “fresh on [Gore’s] breath.” After receiving the second positive reading from the portable breath test, Trooper Bane arrested Gore and placed him in the patrol car. The traffic stop lasted approximately 10 minutes.
¶ 4. During trial, Gore mentioned that, because of his job in construction, he held a commercial driver’s license.[1] Gore testified that he burped or belched while Trooper Bane was away from the patrol car speaking with Gore’s wife. Trooper Bane returned to the patrol car and took Gore to the Webster County Sheriffs Office to. administer the Intoxilyzer test. Gore noted that, while at the sheriffs office, he stood next to Trooper Bane as Trooper Bane entered the initial information into the Intoxilyzer. Gore talked with other deputies at the sheriffs office while waiting to take the test, which he took twice. The results showed a breath-alcohol content (BAC) of .10, above Mississippi’s legal limit of .08.
*1099 ¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 6. The findings of “[a] circuit court judge sitting without a jury ... are safe on appeal where they are supported by substantial, credible, and reasonable evidence.” Knight v. State, 14 So.3d 76, 78 (¶ 4) (Miss.Ct.App.2009) (quoting Doolie v. State, 856 So.2d 669, 671 (¶ 7) (Miss.Ct.App.2003)) (internal quotation marks omitted). Therefore, “this Court will reverse only when the findings of the [circuit court] are manifestly wrong or clearly erroneous.” Id. (quoting Walker v. State, 913 So.2d 411, 412 (¶ 4) (Miss.Ct.App.2005)). Further, “[t]he admissibility and relevancy of evidence falls within the [circuit] court’s discretion, and absent an abuse of that discretion, we will not disturb that decision.” Evans v. State, 93 So.3d 62, 65 (¶ 11) (Miss.Ct.App.2012) (citing Pulido v. City of Oxford, 991 So.2d 1223, 1228 (¶ 22) (Miss.Ct.App.2008)).

I. Period of Observation

¶ 7. Gore contends that the circuit court erred in accepting Trooper Bane’s testimony that he observed Gore for the required uninterrupted twenty minutes prior to administering the Intoxilyzer. Therefore, the Intoxilyzer results are not valid and should not have been admitted into evidence. According to Gore, he was not under observation while Trooper Bane spoke to Gore’s wife during the traffic stop or while Trooper Bane entered the initial information into the Intoxilyzer.
¶ 8. Section 63-11-5(1) provides for a minimum observation period of fifteen minutes. While the statutory observation period is fifteen minutes, the manual and guidelines accompanying the Intoxilyzer 8000 require a twenty-minute observation period prior to taking a breath sample. This Court has noted that
[t]he glossary to [the] manual [accompanying the Intoxilyzer 8000] defines observation period as ... [a] period during which the person being tested has been observed to determine that he has not ingested alcohol or other fluids, regurgitated, vomited, eaten, smoked, or placed anything into his mouth in the 20 minutes immediately prior to the collection of a breath sample.
Hudspeth v. State, 28 So.3d 600, 602 (¶ 6) (Miss.Ct.App.2009). The Mississippi Supreme Court has concluded that “[a] dispute as to whether the observation lasted the mandatory length of time or whether the observation was performed while in the presence of an officer goes to the weight of the testimony and the credibility of the witnesses.” Dominick v. State, 108 So.3d 452, 455 (¶ 12) (Miss.Ct.App.2012) (quoting Fisher v. City of Eupora, 587 So.2d 878, 882 (Miss.1991)). Additionally, in Fisher, the supreme court stated that “[t]he observation itself can be performed as long as the defendant is in the presence of the officer. The officer is not required to stare at the defendant for the observation to be effective.” Fisher, 587 So.2d at 882.
¶ 9. In this case, Trooper Bane testified that he observed Gore for the required time period. The results generated by the Intoxilyzer revealed that the observation period began at 10:30 p.m., when he stopped Gore for speeding. Trooper Bane administered the Intoxilyzer to Gore at 11:02 p.m. — thirty-two minutes later. Trooper Bane admitted that he was not personally watching Gore while he spoke to Gore’s wife during the traffic stop. However, neither Trooper Bane nor Gore suggested that Trooper Bane’s conversation with Gore’s wife took a significant *1100 amount of time. Trooper Bane also admitted that he was not personally observing Gore while he activated the Intoxilyzer. However, Gore was still in his presence and was being observed by other deputies at the sheriffs office. Gore never testified that he ingested anything during the observation period that would have invalidated the test results. While Gore claimed that he either belched or burped during the observation period, which invalidated the test results, Trooper Bane testified that he did not recall Gore doing either. Further, even if Gore belched or burped prior to taking the Intoxilyzer, neither of those actions is listed in the manual as an act that would void the Intoxilyzer results. Therefore, the circuit court did not err in admitting the Intoxilyzer results into evidence. Accordingly, this issue is without merit.

II. Protected, Property Right/Due Process

¶ 10. Gore argues that the circuit court violated his due-process rights and deprived him of a protected property right by convicting him of DUI in the absence of the mandatory observation period. First, the circuit court did not err in finding that Trooper Bane Observed Gore for the mandatory observation period. Therefore, the circuit court did not violate Gore’s due-process rights. Second, although discussion on this point is unnecessary, the circuit court has not deprived Gore of a protected property right. Our supreme court stated in Wheeler v. Stewart, 798 So.2d 386, 391 (¶ 9) (Miss.2001), that “[u]nder Mississippi law, driving is a privilege and not a ... right.” (citing Lavinghouse v. Miss. Highway Safety Patrol, 620 So.2d 971 (Miss.1993)). Therefore, Gore has no protected property interest in his license to drive. Accordingly, this issue is without merit.

III. Enhancement

¶ 11. Gore characterizes his third argument on appeal as a challenge to the enhancement portions of section 63-11-30. However, it is undisputed that the circuit court did not enhance Gore’s sentence. Instead, Gore reargues that the circuit court erred in admitting the Intoxilyzer results in the absence of the mandatory observation period. For the reasons previously stated, the circuit court did not err in finding that Trooper Bane observed Gore for the required observation period and did not err in admitting the Intoxilyzer results into evidence. Accordingly, this argument is without merit.
¶ 12. THE JUDGMENT OF THE WEBSTER COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE OF FORTY-EIGHT HOURS IN THE WEBSTER COUNTY JAIL, WITH THE SENTENCE SUSPENDED SUBJECT TO SUCCESSFUL COMPLETION OF SIX MONTHS OF PROBATION, PAYMENT OF A $520.50 FINE, AND ADDITIONAL CONDITIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Although not stated in the record, we assume that Gore lost his driver’s license as a result of the speeding citation and DUI conviction.