# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KM-01594-COA

**MARK SCHLEPPHORST A/K/A MARK E. SCHLEPPHORST**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                                         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/30/2014 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | V.W. CARMODY JR. |
| | AARON PAUL HOMMELL |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LADONNA C. HOLLAND |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| TRIAL COURT DISPOSITION: | CONVICTED OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, FINED $900, AND SENTENCED TO FORTY-EIGHT HOURS IN THE CUSTODY OF THE MADISON COUNTY SHERIFF'S DEPARTMENT, WITH THE SENTENCE SUSPENDED FOR TWO YEARS UNLESS EARLIER INVOKED, AND TWO YEARS OF UNSUPERVISED PROBATION |
| DISPOSITION: | AFFIRMED: 03/08/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Mark Schlepphorst was found guilty of common-law driving under the influence, first offense, and reckless driving. He appealed to the circuit court, and the conviction was affirmed. Schlepphorst appeals and claims there was insufficient evidence to support his

DUI conviction.  We find no error and affirm.

**FACTS**

¶2.     Around 11 p.m. on November 8, 2012, Schlepphorst drove through a Madison County Sheriff's Department checkpoint without stopping and ignored the direction of the officers. Deputies Mark Sandridge and John McFarland pursued Schlepphorst and pulled him over.

¶3.     During the stop, Deputy McFarland noticed that the smell of an intoxicating beverage was coming from Schelpphorst's car and that Schlepphorst's speech was slurred. Schlepphorst then admitted that he had "a couple of glasses of wine" that evening.  Deputy Sandridge took over the stop and instructed Schlepphorst to exit the vehicle.

¶4.     Deputy Sandridge testified that as Schlepphorst stood outside the vehicle, he wobbled and exhibited a lack of muscle control.  At times he used the car for support.  Deputy Sandridge then conducted three field sobriety tests: the horizontal gaze nystagmus, the walk and turn, and the one-leg stand.  According to Deputy Sandridge, Schlepphorst failed each of these tests.

¶5.     Schlepphorst then submitted to the portable breath test, which exhibited a positive reading for the presence of alcohol.  Deputy Sandridge asked Schlepphorst if he was feeling any effects of the wine, and he responded, "yes, some."  At this point, Schlepphorst was arrested.

¶6.     When they arrived at the sheriff's department, Deputy Sandridge saw that the Intoxylizer was out of order.  Schlepphorst was offered a urine test, and he refused. Schlepphorst was then charged with DUI and reckless driving.

2

¶7.     Schlepphorst pleaded no contest in justice court and then appealed to the county court. After a bench trial, the county court found Schlepphorst guilty of both charges. The circuit court affirmed the county court's judgment. Schlepphorst's appeal has been deflected here.

**STANDARD OF REVIEW**

¶8.     "The trial judge in a bench trial acts as the jury for all purposes of resolving issues of fact." *Knight v. State*, 14 So. 3d 76, 78 (¶4) (Miss. Ct. App. 2009) (internal quotations omitted). When the trial judge's findings are supported by substantial, credible, and reasonable evidence, they are safe on appeal. *Id.* "This Court will reverse only when the findings of the trial judge are manifestly wrong or clearly erroneous." *Id.*

¶9.     Schlepphorst challenges the sufficiency of the evidence. Thus, this Court must consider "whether the evidence shows beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed." *Jefferson v. State*, 151 So. 3d 261, 262 (¶2) (Miss. Ct. App. 2014) (citing *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005)). "Where the evidence fails to meet this test it is insufficient to support a conviction." *Id.*

¶10.    This Court does not "ask itself whether it believes that the evidence established guilt beyond a reasonable doubt." *Id.* at (¶3) (quoting *Jackson v. Virginia*, 443 U.S. 307, 315 (1979)). Rather, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* "If the facts and inferences point in favor of the defendant on any one element of the offense with sufficient force that reasonable

3

[jurors] could not have found beyond a reasonable doubt that the defendant was guilty," the Court will render a judgment of acquittal. *Id.* at (¶4) (internal quotations omitted).

## ANALYSIS

¶11. Schlepphorst first challenges the sufficiency of the evidence as to the proof of impairment, the refusal of the urine test, and the field sobriety tests. Second, he argues that the State did not provide sufficient proof of venue.

### I.     Sufficient Evidence of Common-Law DUI

¶12. Mississippi Code Annotated section 63-11-30(1)(a) (Supp. 2015) makes it "unlawful for a person to drive or otherwise operate a vehicle within [Mississippi] if the person . . . [i]s under the influence of intoxicating liquor." This is referred to as "common-law DUI." *Knight*, 14 So. 3d at 79 (¶6). Common -aw DUI can be proven "[i]n cases where the defendant's blood-alcohol results are unavailable but there is sufficient evidence that the defendant operated a vehicle under circumstances indicating his ability to operate the vehicle was impaired by the consumption of alcohol[.]" *Id.*

¶13. Schlepphorst argues that the State did not provide sufficient evidence to prove that he was impaired at the time of his arrest. In *Knight*, 14 So. 3d at 81 (¶17), this Court affirmed a common-law-DUI conviction where similar evidence was presented, including reckless driving, the smell of an alcoholic beverage, an admission to drinking alcohol, and a refusal to submit to a chemical test. Then, in *Jefferson*, 151 So. 3d at 266 (¶11), this Court considered a driver's admission, the smell of an alcoholic beverage, and a positive portable breath test as evidence supporting a common-law-DUI conviction. Evidence of impairment

4

may also include "slurred speech . . . or erratic driving." *Evans v. State*, 25 So. 3d 1054, 1059 (¶11) (Miss. 2010). The type of evidence presented is not new for the courts, and has been considered sufficient evidence many times over. *See, e.g., Evans*, 25 So. 3d at 1059 (¶11)*; Jefferson*, 151 So. 3d at 266 (¶11), *Knight*, 14 So. 3d at 79 (¶7).

¶14. The State presented evidence through the testimonies of Deputy Sandridge and Deputy McFarland. Both deputies testified that Schlepphorst drove recklessly through the checkpoint, despite being instructed to stop. Deputy McFarland testified that he smelled the odor of an intoxicating beverage coming from inside the car when he approached Schlepphorst's vehicle. Deputy Sandridge noted that Schlepphorst's speech was slurred during their conversation and that Schlepphorst admitted to drinking wine that evening. The portable breath test was read positive for the presence of alcohol. Schlepphorst later admitted to Deputy Sandridge that he was feeling the effects of the alcohol. Finally, Schlepphorst refused the urine test offered to him at the sheriff's department. The trial court's judgment is supported by substantial, credible, and reasonable evidence. This Court finds that the evidence was sufficient to prove common-law DUI.

¶15. Next, Schlepphorst challenges the accuracy of the field sobriety test. He argues that his knee problems and glaucoma prevented him from performing well on the tests and caused him to sway as he stood outside of his car. Schlepphorst called Dr. Jimmy Valentine to testify as an expert in the fields of "medical toxicology, physiology, field sobriety exercises, and the effects of alcohol and drugs on human beings." Dr. Valentine testified that Schlepphorst was not a suitable candidate for the field sobriety tests due to his eye and knee

5

conditions.

¶16. Based on Dr. Valentine's testimony, the county court chose not to consider the field sobriety tests or Schlepphorst's instability in its decision. Even giving Schlepphorst the "benefit of the doubt" as to his health problems, the county court found that there was sufficient evidence to establish common-law DUI.

¶17. Schlepphorst further argues that the county court should not have considered the refusal of the urine test because he was only required by statute to submit to a breath test. But Mississippi Code Annotated section 63-11-5(1) (Supp. 2015) states that a person who operates a vehicle on public roads in Mississippi is deemed to give consent to "a chemical test or tests of his breath for the purposes of determining alcohol concentration." "If a person under arrest refuses to submit to a chemical test . . . , evidence of refusal shall be admissible in any criminal action . . ." Miss. Code Ann. § 63-11-41 (Rev. 2013). "Chemical test" as defined in the code "means an analysis of a person's blood, breath, urine or other bodily substance for the determination of the presence of alcohol . . . ." Miss. Code Ann. § 63-11-3(c) (Rev. 2013). Deputy Sandridge offered Schlepphorst a urine test, and he refused. A urine test constitutes a chemical test under the statute. His refusal of the urine test is admissible under the statute.

## II. Sufficient Evidence of Venue

¶18. Schlepphorst finally argues that the State failed to provide sufficient proof of venue. "[T]he State bears the burden of proving venue beyond a reasonable doubt." *Lee v. State*, 910 So. 2d 1123, 1126 (¶10) (Miss. Ct. App. 2005). "Direct or circumstantial evidence may

be used to prove venue." *Id.* "As long as the evidence is sufficient to lead a reasonable trier of fact to conclude that the crime in the present case occurred at least partly in [Madison] County, then the evidence of venue is sufficient." *Hill v. State*, 797 So. 2d 914, 916 (¶12) (Miss. 2001). Deputy Sandridge's testimony that the events occurred in Madison County was sufficient to establish venue. Finding no error, the Court affirms.

¶19. **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, FINE OF $900, AND SENTENCE OF FORTY-EIGHT HOURS IN THE CUSTODY OF THE MADISON COUNTY SHERIFF'S DEPARTMENT, WITH THE SENTENCE SUSPENDED FOR TWO YEARS UNLESS EARLIER INVOKED, AND TWO YEARS OF UNSUPERVISED PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.**